(48 Misc. Rep. 356.)

HOWE v. NOYES.

(Supreme Court, Appellate Term.   October 27, 1905.)

1. APPEAL—TIME· FOR TAKING—ENTRY OF ORDER APPEALED FROM.
    Though an order denying a motion, under Code Civ. Proc. § 999, for new trial, is not entered till a term long after that at which the action was tried, time to appeal does not commence to run till its entry; the section merely requiring the motion to be made at the same term as the trial.
    [Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 1897.]

2. SAME—APPEAL FROM ORDER OF DENIAL—REVIEW.
    On an appeal from an order denying a motion, under Code Civ. Proc. § 999, for new trial, the question raised by defendant's motion for judgment for insufficiency of the reply, exception to denial thereof having been taken, is reviewable.

Appeal from City Court of New York.

Action by Katie E. Howe against George Noyes.   From an order denying a motion for new trial, defendant appeals.   Reversed.

See 93 N. Y. Supp. 476.

Argued before SCOTT, P. J., and BISCHOFF and FITZGER-ALD, JJ.

Griggs, Baldwin & Baldwin (David M. Dean, of counsel), for appellant.

Steuer & Hoffman, for respondent.

SCOTT, P. J. The defendant appeals from an order denying his motion for a new trial, made upon the justice's minutes at the close of the trial. The circumstances are peculiar. The action is for money loaned. The answer set up that before the commencement of the action the defendant had been discharged in bankruptcy, that the plaintiff's claim had been included in the bankrupt's schedule of debts, and that plaintiff had voluntarily appeared in the bankruptcy proceeding, had proved her debt, and had been paid and accepted a dividend. The plaintiff replied that she had been induced to make the loan by false representations and fraud on the part of defendant. At the opening of the trial the defendant moved for judgment on the pleadings for insufficiency of the reply, and upon the denial of his motion duly excepted. By this motion the question was presented whether or not a discharge in bankruptcy constituted a defense to an action upon contract where the debt was created by fraud, and in denying the motion the court below applied the rule that at that time prevailed in this state, and held that a discharge under such circumstances did not constitute a defense. Frey v. Torrey, 175 N. Y. 501, 67 N. E. 1082. The trial proceeded, and resulted in a verdict for plaintiff. At the close of the trial the usual motion for a new trial, under section 999 of the Code of Civil Procedure, was made and denied. No appeal was taken from the judgment, and no order was entered at the time upon the denial of the motion for a new trial. Thereafter the Supreme Court of the United States overruled Frey v. Torrey, and held that a claim founded upon contract, although induced by fraud, was provable in bankruptcy and barred by the discharge of the bankrupt, thus sustaining the contention asserted by defendant upon the trial. Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147. The defendant thereupon moved for a cancellation of the judgment against him under section 1268, Code Civ. Proc. This motion was denied, and the denial affirmed by this court. 93 N. Y. Supp. 476. The defendant's time to appeal from the judgment had meanwhile elapsed, but no order had as yet been entered upon the denial of the motion for a new trial upon the minutes. Such an order was entered in June, 1905, and from that order the defendant now appeals.

It is well settled that an appeal may be taken from an order denying a motion for a new trial under section 999, Code Civ. Proc., without an appeal from the judgment, and even though the time to appeal from the judgment has expired; and upon such an appeal there may be brought up for review all the proceedings taken upon the trial, so far as the same are presented by exceptions duly taken. Voisin v. Conn. Mut. Ins. Co., 56 Hun, 215, 9 N. Y. Supp. 267; Id., 123 N. Y. 120, 25 N. E. 325, 9 L. R. A. 612; Goetz v. Met. St. Ry. Co., 54 App. Div. 365, 66 N. Y. Supp. 666. The order now under review is therefore appealable, and brings up for consideration the question raised

by defendant's motion for judgment upon the pleadings. The decision in Crawford v. Burke, supra, determines that question in defendant's favor, and we are bound to hold that the denial of the motion constituted error, although as the declaration of the law then stood the learned justice had no choice except to deny the motion.

There is no point in plaintiff's objection that the order denying the motion for a new trial was not entered until a term long subsequent to the term at which the action was tried. All that section 999 requires is that the motion shall be made at the same term, and both the case on appeal and the order denying the motion show that the motion was so made. If the respondent had desired to limit defendant's time to appeal from the order denying the motion for a new trial, she should herself have entered and served an order thereon. It follows that the judgment should be reversed, and the motion granted, with costs to appellant to abide the event.

Order reversed, and motion granted, with costs to appellant to abide the event. All concur.