ROBERT PHILLIPSON, Respondent, *v.* ALBERT V. MOORE, Appellant.

Third Department, January 10, 1923.

Motor vehicles — action to recover for personal injuries — automobile was being used by defendant's chauffeur for personal benefit at time of accident — verdict for plaintiff against weight of evidence.

In an action to recover damages for personal injuries suffered by the plaintiff when he was run down by defendant's automobile, which was being operated by defendant's chauffeur contrary to defendant's orders and for the personal benefit of the chauffeur, the verdict of the jury on the theory that the automobile was being operated at the time of the accident for the benefit of the defendant was against the weight of the evidence.

APPEAL by the defendant, Albert V. Moore, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 2d day of June, 1922, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office on the 28th day of June, 1922, denying defendant's motion for a new trial made upon the minutes.

*Charles P. Jones* [*Lawrence B. McKelvey* of counsel], for the appellant.

*Leary & Fullerton* [*Walter A. Fullerton* of counsel], for the respondent.

HASBROUCK, J.:

This is an appeal from a judgment entered in the Saratoga county clerk's office June 2, 1922, against the defendant for $1,617.59.

The action is for negligence. The plaintiff claims that on the 26th day of April, 1919, he was negligently run down on Park avenue at Sixty-fifth street in the city of New York by defendant's chauffeur and seriously injured.

The defense is a denial that the defendant's automobile was being used in his business at the time of the accident. On the issue thus presented the plaintiff rested his affirmative case, not upon the presumption that arises out of the ownership of the car (*Potts v. Pardee,* 220 N. Y. 431), but upon the admission contained in the original answer that the car at the time of the accident was used in the defendant's business. He met this issue by asking and obtaining leave to amend his answer so as to deny paragraph 5 of the complaint and by swearing that he lived at Forest Hills, L. I.; that his chauffeur was under orders to proceed from 29 Broadway to that place after plaintiff's wife; that the ordinary route was over the East river bridge at Fifty-ninth street and that there was no bridge across the East river above Fifty-ninth street. The defendant further testified that the chauffeur resigned the day after the accident. McAuliffe, who was defendant's chauffeur, swore that he is a taxi driver; that at Twenty-eighth street on the day of the accident he talked with a man named John Feeley and that he told McAuliffe that his brother wanted to see him; that the brother worked at 178 East Seventy-third street and that witness was driving above Fifty-ninth street on his way to see his brother. The plaintiff undertook to meet this evidence by swearing under inquiry by his counsel as follows: " Q. And he said to you, ' I was going up town on my boss's business? ' A. He didn't exactly say that. He said, I had to go up street and that is how he hit me. Q. I had to go up street? A. Yes. Q. And that is all? A. Yes. Mr. Leary: What did he say? A. For his boss I suppose. The Court: That goes out. Mr. Leary: What did he say? A. He had orders from his boss; he was going up street."

It appears from the colloquy above detailed that the idea that McAuliffe was going up town on his " boss's business " originated with counsel and that although the plaintiff swore that what the witness McAuliffe said, and all he said, was, " I had to go up street

and that is how he hit me," counsel persisted until his own phraseology was used. The plaintiff's evidence on the most vital issue in the case is so contradictory as to rob it of credibility. If we discard it as we think we should there is nothing left but the admission in the original answer. We think in itself as evidence it is not of such substance as to make up the preponderance of the evidence and support alone the burden of proof cast upon the plaintiff. As between the plaintiff and defendant the evidence of McAuliffe is that of a disinterested witness. He is corroborated in his version that he was using the car on an errand of his own by the unshaken testimony of the defendant. Under such circumstances no liability rests upon the defendant for the plaintiff's injury.

We think the verdict is clearly against the weight of the evidence and should be set aside and a new trial granted.

H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HINMAN, JJ., concur.

Judgment and order reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.