MATTEO ORLANDO, Respondent, *v.* PIONEER BARBER TOWEL SUPPLY COMPANY, Appellant.

First Department, July 2, 1924.

Motor vehicles — action to recover for injuries suffered when plaintiff was struck by defendant's automobile — automobile was being driven to garage by brother of chauffeur at chauffeur's request at time of accident — chauffeur had no authority to employ brother — defendant not liable — plaintiff who ran into side of automobile was guilty of contributory negligence.

The owner of an automobile is not liable for injuries suffered by a person who was struck by the automobile, where it appears that at the time of the accident the automobile was being driven to the garage by a brother of the chauffeur at the request of the chauffeur who had no authority to engage his brother to drive the automobile, and the fact that the automobile was being used in the business of the employer at the time does not of itself create a liability.

Furthermore, plaintiff was guilty of contributory negligence, since it appears that the accident occurred on a rainy night, that he was going along with his coat collar turned up and ran into the side of the automobile.

APPEAL by the defendant, Pioneer Barber Towel Supply Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of November, 1923, upon the verdict of a jury for $4,500, and also from an order entered in said clerk's office on the 5th day of December, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Julian S. Eaton* [*Martin B. Faris* of counsel], for the appellant.

*Abraham M. Fisch,* for the respondent.

SMITH, J.:

The judgment is recovered for the negligence of one Thomas Foster, for whose act the plaintiff claims the defendant is liable.

Harry Foster was at the time the defendant's chauffeur. It was his business at night to take the car to the garage. He asked his brother, Thomas Foster, to take it for him, and in driving the car to the garage at the request of Harry Foster, the plaintiff was struck by the car and injured.

The trial court submitted to the jury the question as to whether Thomas Foster was in fact at the time of the accident in the employ of the defendant. It is a primary presumption that one driving a car is in the employ of the owner of the car. The difficulty with this case is that that presumption is entirely overcome. There was no authority in Harry Foster, the defendant's chauffeur, to employ his brother to drive this car. While the brother had been at a prior time in the employ of the defendant, there is no evidence that he was in its employ as a chauffeur, and the evidence is very clear that at the time of the accident he was not in the employ of the company in any capacity, but was working for another laundry company, and that he took this car to the garage solely at the request of Harry Foster, who was the defendant's employee and chauffeur.

The trial court charged that the chauffeur of a car has no authority from his master to put another chauffeur in charge of the car, and that seems to be sustained by authority. The accident then having been caused by the negligence of one not in the defendant's employ, the defendant cannot be held liable therefor. (See *Fallon* v. *Swackhamer*, 226 N. Y. 444, 447; *Phillipson* v. *Moore*, 204 App. Div. 140.) That a chauffeur has no authority to employ another to drive a car and thus delegate his power has been held in *Esposito* v. *American Railway Express Co.* (182 N. Y. Supp. 97). This case was reversed by this court in 194 Appellate Division, 347, upon other grounds.

The fact that this car was being taken to the garage and was, therefore, in the business of the employer, does not create the liability, when it was not being driven by the servant of the defendant, authorized either specially or generally as chauffeur to drive the cars of the defendant. (See *Rose* v. *Balfe*, 223 N. Y. 481; *Boettcher* v. *Best & Co., Inc.*, 203 App. Div. 574.)

We are of opinion also that the plaintiff was guilty of contributory negligence. He was going along with his coat up around his head. It was a rainy night. He ran into the side of the car and this would seem to be strong evidence of contributory negligence which would require a reversal and a new trial, even if it could not be held to be contributory negligence as matter of law.

Upon the ground first stated, however, the judgment should be reversed and the complaint dismissed on the ground that the

presumption of authorized control has been fully overcome by the evidence which stands here uncontradicted. It is true that Thomas Foster did make a statement in which he said that he was acting as chauffeur for the defendant at the time of the accident, but he explains that afterwards by saying that he meant simply in driving the car to the garage. He claims no permission or authority except from his brother, who was not authorized to give such permission.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.