FANNIE BLOCK and Another, Respondents, *v.* SAM TICKER and Another, Appellants, Impleaded with ANNIE MASTRO v and Others, Defendants.

Second Department, February 4, 1927.

Appeal — judgments and orders appealable — ruling made during course of trial not appealable — mortgages — foreclosure — ruling made during trial directing clerk to enter judgment of foreclosure and sale is irregular — answer interposed defense of tender — error for court to direct judgment on pleadings for answer raised issue — not ground for refusing tender that mortgagees had right to draw satisfaction piece.

In an action to foreclose a mortgage, the plaintiffs made a motion at the opening of the trial for judgment on the pleadings on the ground that the facts alleged in the answer did not constitute a defense. This motion was granted. An appeal was taken from the " order." The rulings of the trial judge in the course of a trial should not be made the subject of separate appeals. It was irregular for the trial judge in the " order " appealed from to direct the clerk of the court to enter a judgment of foreclosure and sale, for judgment could not be entered until it was signed by the trial judge.

The defense in the answer, of tender of the full amount due, together with the notary's fees for taking the acknowledgment of the certificate of satisfaction, is a good defense and raises an issue of fact and, therefore, it was error for the court to grant the plaintiffs' motion for judgment on the pleadings.

It is no ground for refusing a tender that the mortgagees had the right to draw the satisfaction piece.

APPEAL by the defendants, Sam Ticker and another, from an order of the County Court of the county of Kings, entered in the office of the clerk of said county on the 23d day of November, 1926, granting plaintiffs' motion for judgment on the pleadings.

*Max Ornstein,* for the appellants.

*Myron Wisoff* [*Tobias N. Berger* with him on the brief], for the respondents.

KELLY, P. J. The procedure in this case is most peculiar. The foreclosure action duly came on for trial, and at the opening of the trial the plaintiffs made a motion for judgment on the pleadings upon the ground that the facts alleged in the answer did not constitute a defense. The learned trial judge granted the motion. We get this information from the " order " appealed from. There are no minutes of the trial, no findings of fact or conclusions of law and no reason given for the decision made. Then an appeal is taken from this " order " made in the course of the trial, which is simply a ruling of the trial judge. The rulings of the trial judge in the course of a trial should not be made the subject of separate

appeals. The learned judge in the " order " appealed from directs the clerk of the court to enter a judgment of foreclosure and sale, but how this can be done until the judgment is signed by the trial judge is not easy to understand. When the appeal is reached in this court it is submitted without argument.

All of this is very unsatisfactory. We are of opinion that the answer interposed presented a defense which should have been tried out and not disposed of in this summary manner. The defendants plead a due tender of the full amount due the mortgagees for principal and interest on the loan, together with the notary's fee for taking the acknowledgment of the certificate of satisfaction some time prior to the commencement of the action and refusal by the mortgagees to accept the money, and they assert that this tender and refusal extinguished the lien of the mortgage sought to be foreclosed, under *Kortright* v. *Cady* (21 N. Y. 343) and other cases cited by this court in *Rush* v. *Wagner* (184 App. Div. 502). We think the learned trial court should have proceeded with the trial and should have received proof of the facts concerning the alleged tender and refusal, and the grounds of the refusal. The defendants, mortgagors, plead that they presented a satisfaction piece to the plaintiffs, mortgagees, for signature, and offered to pay the notary's fee for taking the acknowledgment. They say in their points, but not in their answer, that the tender was refused because the mortgagees insisted on an alleged right to draw the satisfaction piece and to collect ten dollars for drawing it. The plaintiffs in their points deny that this was the ground of refusal. Of course it constituted no ground for refusing the money and signing the satisfaction piece. (*Krulder* v. *Hillman*, 57 Misc. 209, CRANE, J.) At any rate these litigants appear to have been drawn into this foreclosure action, culminating in the summary granting of the motion of the plaintiffs for judgment depriving defendants of their property, all without any reason therefor.

The order of the County Court of Kings county granting plaintiffs' motion for judgment on the pleadings should be reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

JAYCOX, MANNING, KAPPER and LAZANSKY, JJ., concur.

Order of the County Court of Kings county, granting plaintiffs' motion for judgment on the pleadings, reversed upon the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.