ANNA McNULTY, Appellant, *v.* JOHN ZAGANOS, Respondent, Impleaded with GEORGE LEMAR, Doing Business under the Trade Name of INWOOD MOTOR SALES COMPANY, Defendant.

ANNIE McNULTY, Appellant, *v.* JOHN ZAGANOS, Respondent, Impleaded with GEORGE LEMAR, Doing Business under the Trade Name of INWOOD MOTOR SALES COMPANY, Defendant.

DANIEL McNULTY, Appellant, *v.* JOHN ZAGANOS, Respondent, Impleaded with GEORGE LEMAR, Doing Business under the Trade Name of INWOOD MOTOR SALES COMPANY, Defendant.

First Department, November 4, 1938.

*John V. Higgins* of counsel [*Thomas J. O'Neill* and *Joseph G. Saile* with him on the brief; *Thomas J. O'Neill*, attorney], for the appellants.

*William Dike Reed* of counsel [*Jenkins, Dimmick & Finnegan*, attorneys], for the respondent.

PER CURIAM. Although the original answers were superseded by amended answers, they constituted evidence of ownership by the defendant Zaganos of the automobile involved in the accident. (*Weil* v. *Weil,* 227 App. Div. 378; *Vermeule* v. *City of Corning,* 186 id. 206; affd., 230 N. Y. 585.)

The judgments in so far as appealed from by the plaintiffs should be reversed, the actions severed and a new trial granted to said plaintiffs as against the defendant John Zaganos, with costs to said plaintiffs-appellants to abide the event.

TOWNLEY, GLENNON, UNTERMYER and DORE, JJ., concur; MARTIN, P. J., dissents and votes for affirmance.

MARTIN, P. J. (dissenting). The amended answer of the defendant Zaganos, served about two years and nine months before the trial, denied ownership and control. Defendant LeMar, in his amended answer, and again on the opening before the jury, admitted ownership and control. The admission of Zaganos in his original answer was some evidence on the subject, but taken by itself, was not sufficient to justify submitting the question to the jury. (*Phillipson* v. *Moore,* 204 App. Div. 140; *Shevlin* v. *Schneider,* 193 id. 107.) In the absence of other competent proof of ownership or control, the complaint, as against Zaganos, was properly dismissed.

I vote to affirm.

Judgments, so far as appealed from, reversed, the actions severed and a new trial granted to said plaintiffs as against the defendant John Zaganos, with costs to plaintiffs-appellants to abide the event.