WALTER E. FISK, Plaintiff, *v.* LAWRENCE WARNER, Defendant.

Supreme Court, Oneida County, March 23, 1943.

*Gordon H. Mahley* for plaintiff.
*Louis E. Krohn* for defendant.

SEARL, J. This is a motion to compel defendant's attorney to accept a notice of appeal from an order denying (1) a new trial (Civ. Prac. Act, § 549), and (2) a directed verdict, following a jury verdict in favor of defendant.

On December 16, 1942, a jury rendered a " verdict for defendant in an action where plaintiff sought to recover real estate commissions."

Plaintiff moved on rendition of the verdict for a new trial on the usual grounds (Civ. Prac. Act, § 549), and renewed a " motion for a direction of a verdict in favor of the plaintiff."

The trial court reserved decision on the motions until January 6, 1943, when counsel for both parties received a letter from the trial court denying both motions. Judgment was entered in favor of defendant on January 6, 1943.

On February 3, 1943, plaintiff filed notice of appeal from the judgment. On the same day, plaintiff's counsel drew a formal order " denying the motions made on behalf of the plaintiff to set aside the verdict * * * and also denying the motion for a direction of a verdict." This formal order was received by plaintiff's counsel signed by the trial justice on February 8, 1943, and entered on February 9, 1943. On the same day as entered, plaintiff's counsel mailed notice of appeal from the order, which was received back from defense counsel on February 11, 1943, with the following notation attached:

" 1. That the time within which to appeal from said order has elapsed, and that no right to appeal therefrom exists.

" 2. That an appeal has been timely taken by the plaintiff from the judgment in favor of the defendant and that by said appeal from said judgment, without any timely appeal from said order, that the plaintiff has waived and lost his right to appeal from said order, after the lapse of more than thirty days from the granting of said order on December 16, 1942."

Plaintiff urges that the order was not signed by the trial justice until February 8, 1943, and that having been entered the following day and served on February 11, 1943, plaintiff was well within the prescribed time.

The following two conclusions are elementary:

1. The plaintiff's appeal from the judgment is timely.

2. The service of a notice of appeal from an order denying a new trial is now unnecessary where an appeal is already pending from the judgment, as there has been added to section 580 of the Civil Practice Act the provision: " * * * An appeal from a final judgment also brings up for review an order,

if any, denying a motion for a new trial, although not specified in the notice of appeal   *   *   *.''

We now approach the only real question for consideration: Defense counsel urges that if plaintiff is claiming to appeal from an order relating to the direction of a verdict, a denial of which is made after the completion of the trial and after the adjournment of the term, even though the motion was made during the term the verdict was rendered, still the plaintiff is wrong. His argument is based upon the provisions contained in section 562 of the Civil Practice Act relating to '' Notice of Appeal.''

In the instant case, defendant maintains that plaintiff has lost his right to appeal from the order denying his motion for a directed verdict for failure to refer to the same specifically in his notice of appeal from the judgment filed February 3, 1943. As the order denying the direction of a verdict was not made until February 8th, five days after filing notice of appeal from the judgment, an answer to such an argument is unnecessary. On February 3rd, no such interlocutory or intermediate order existed such as referred to in *Block* v. *Ticker* (219 App. Div. 587) and *Taylor* v. *Smith* (164 N. Y. 399).

The universal desire and trend has been strong to avoid useless, fine distinctions and technicalities of procedure. One instance pertinent to this case is found in the amendment of 1936 (L. 1936, ch. 915) to section 583 of the Civil Practice Act, '' Review of rulings; requirements as to exceptions,'' in which subdivision 2 thereof reads: '' The appellate court, in the interests of justice, may review a prejudicial ruling made by the trial court during the trial, and not acquiesced in affirmatively by the party aggrieved, though no exception was taken, provided the ruling was pointed out at the trial by objection, or was a refusal or failure by the court to grant a motion or request by such party.''

Although there is nothing in the moving papers to indicate whether plaintiff moved for a directed verdict during the trial, still if such a ruling is urged after rendition of the verdict we may properly assume that plaintiff's counsel was as zealous to protect his right during the trial and at the close of the evidence. In such case the amendment to section 583 protects his rights and brings up the question for review on the appeal from the judgment, regardless of whether an exception was taken to the trial court's ruling.

Defendant's main objection to receiving the notice of appeal from the order is that it presents two appeals instead of one. Both may be properly consolidated.

An order may be entered directing defendant to accept notice of appeal from the order served February 9, 1943, to protect any rights such order might afford. However, the order must also provide that but one record or case be prepared, without additional costs to either party so far as the original order or appeal therefrom is concerned.

Orders denying new trials and notices of appeal therefrom are in a great many cases needlessly served, even where no facts or rulings exist outside of those covered by the trial record. A substantial saving in time and printing could be effected by discarding this obsolete practice, except in those instances where conditions otherwise demand. Where, however, such matters as the misconduct of a juror or other irregularities are claimed, not included in the record, an order must be obtained, else no review. This procedure relates to the unsuccessful party. A different course applies to the successful party. In view of the fact that an appeal may be taken from an order denying a new trial, even after one has been taken from the judgment, if the successful party wishes to finally terminate the litigation at the earliest possible date he should obtain, enter and serve a copy of an order denying a new trial at the same time he serves a copy of the judgment. (*Voisin* v. *Commercial Mutual Ins. Co.*, 123 N. Y. 120; 6 Carmody's New York Practice, § 368.)*

* See, also, *Howe* v. *Noyes*, 48 Misc. 356, and *Gelder* v. *International Ore Treating Co.*, 148 App. Div. 637. — [REP.