■ FRANKLIN B. RESSEGUIE et al., Appellants, v WAYNE M. ADAMS et al., Respondents.—Appeal from a judgment of the Supreme Court, in favor of defendants, entered February 19, 1976 in Tioga County, upon a decision of the court at a Trial Term, without a jury, dismissing plaintiff's complaint, and canceling the *lis pendens* previously filed in Tioga County Clerk's office. On September 20, 1974 plaintiff Franklin Resseguie deeded two properties to Chuck Realty Corporation and entered into an option agreement giving him the right to repurchase the properties not later than March 20, 1975. Plaintiffs contend that the conveyances were made in order to secure financing received from Chuck Realty and further contend that the transactions created a loan and mortgage rather than a purchase and sale with an option to repurchase. On March 19, 1975 plaintiffs and defendants entered into an agreement in which defendants agreed to "lend" to plaintiffs the sum of $75,000. It was agreed that plaintiffs would pay this money to Chuck Realty in exercise of their option and then direct Chuck Realty to convey the properties to defendants. In the agreement plaintiffs were given an "option to repurchase" the properties for $75,000 plus 9 ¼% interest and any expenses incurred by the defendants in transferring the properties back to the plaintiffs. Defendants were to own the property "absolutely" if plaintiffs failed to exercise the option in 60 days. Also, on March 19, 1975 Franklin Resseguie signed another agreement assigning his interests in the option agreement with Chuck Realty to the defendants. Thereafter a deed to the property was executed by Chuck Realty as grantor to Wayne Adams. When plaintiffs were unable to exercise the 60-day option, a new agreement was made with defendants on May 19, 1975 wherein plaintiffs were granted a new option to buy the properties for $100,000 not later than 1:00 P.M. on June 27, 1975. Defendants waived any claim to interest and transfer expenses and if the option were exercised the defendant would convey the properties to third parties but in no event would the property be conveyed to plaintiffs. Plaintiffs were unable to meet the full option price and requested defendant to take $40,000 plus a substantial mortgage which defendant refused. The plaintiff then instituted a proceeding in the Supreme Court alleging four causes of action, all of which were dismissed. This appeal ensued. The only cause of action which we find to be of merit is plaintiffs' first cause of action which alleges that the deed from Chuck Realty to the defendant Wayne Adams was not an absolute conveyance but a mortgage and requests judgment pursuant to section 320 of the Real Property Law. In the complaint plaintiffs allege that the March 19, 1975

agreement was entered into to secure a loan and that title to the real estate was held as security for the loan. These allegations were admitted by defendants in their answer. Although no motion was made to amend the answer, defendants were in effect allowed to amend in that they were permitted to offer proof at trial that the transactions involved an absolute deeding of the property rather than a transfer to secure a loan. We are of the view that the trial court erred in allowing defendant to advance such a different theory over plaintiffs' objection *(Levy v Delaware, Lackawanna & Western R. R. Co.,* 211 App Div 503). Plaintiffs claimed surprise and requested an adjournment when this new theory was advanced by defendants. The court, in our view, abused its discretion in not at least granting an adjournment *(Tauraso v Texas Co.,* 275 App Div 856, affd 300 NY 567). Section 320 of the Real Property Law provides that a deed conveying real property which by another instrument appears to be intended only as security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage. The precise terms of the mortgage must be established by clear and conclusive evidence *(Bielawski v Bazar,* 47 AD2d 435). Plaintiffs made such a clear and conclusive showing. Even if a valid amendment of defendants' pleadings were made, the admissions are still evidence of the facts admitted *(Levy v Delaware, Lackawanna & Western R. R. Co., supra).* Furthermore, defendant Wayne Adam's testimony at trial is replete with admissions that the $75,000 given to Resseguie was a loan. The March 19, 1975 agreement itself spoke in terms of "lending" money to Resseguie. Based upon the admissions in the answer, the defendant's admissions at trial and the agreements themselves, this court is of the view that plaintiffs established by clear and conclusive proof that the transactions in question created a loan and mortgage rather than an absolute sale. We reject defendants' contention that section 320 of the Real Property Law is inapplicable here because there is no privity between plaintiffs and defendants. This contention is based on the theory that Resseguie had already conveyed the property to Chuck Realty and the conveyance of the property to defendant was by Chuck Realty. The Court of Appeals, however, has held that where a deed was shown to have been intended as a mortgage, it is immaterial that the conveyance should be made by the debtor *(Carr v Carr,* 52 NY 251). The court declared it sufficient to create a mortgage if the debtor has an interest, legal or equitable, in the premises and the grantee of the legal title has acquired such title by the act and assent of the debtor and as security for his debt *(Carr v Carr, supra,* pp 258–259). Here, plaintiffs had the option to repurchase the property from Chuck Realty, which gave them an equitable interest in the property. Defendants acquired the property as assignees of this option. It was thus not material that the conveyance was not actually made by plaintiff. We, therefore, hold that plaintiffs are mortgagors with a right to redeem. Due to plaintiffs' abandonment upon oral argument of their third cause of action based on usury, we need not decide the merits thereof and we find the remaining two causes of action to be without merit. Plaintiffs should have judgment on their first cause of action and the deed dated March 19, 1975 from Chuck Realty to Wayne Adams should be deemed a mortgage under section 320 of the Real Property Law. Defendants must foreclose in order to validate their title to the premises and cut off plaintiffs' right to redeem *(Mooney v Byrne,* 163 NY 86). Judgment modified, on the law and the facts, by reversing so much thereof as dismissed plaintiffs' first cause of action and by granting judgment in favor of plaintiffs on their first cause of action, and, as so modified, affirmed, without costs. Sweeney, J. P., Mahoney and Larkin,

JJ., concur; Reynolds, J., dissents and votes to affirm in a memorandum. Greenblott, J., not taking part. Reynolds, J. (dissenting). The trial presented sharply contested factual issues which were resolved by the trial court against the plaintiffs. It is my opinion that we must accord deference to the trial court findings, and on the present record I find no basis to disturb the trial court's resolution of the factual issues *(People ex rel. MacCracken v Miller,* 291 NY 55, 61–62; *York Mtge. Corp. v Clotar Constr. Corp.,* 254 NY 128, 134). I would affirm on the opinion of Terry, J., at Trial Term.