■   WAYNE R. ADAMS et al., Respondents, v FRANKLIN B. RESSEGUIE et al., Appellants, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered March 2, 1979 in Tioga County, which granted plaintiffs' motion for leave to serve an amended complaint. On September 20, 1974, defendant Franklin B. Resseguie, as sole stockholder of Locator Map, Inc., deeded two properties to Chuck Realty Corporation. On the same date and as part of the same transaction, a duly recorded option agreement was entered into whereby Franklin B. Resseguie, Ruth M. Resseguie and Locator Map, Inc., were given an option by Chuck Realty Corp. to repurchase the conveyed properties not later than March 20, 1975. Thereafter, as additional security, Franklin B. Resseguie assigned to Talon Realty Corp. the first mortgage liens which he held on said properties. On March 19, 1975, plaintiffs and defendants Resseguie entered into an agreement pursuant to which plaintiffs agreed to "lend" to defendants the sum of $75,000. The Resseguies paid this money to Chuck Realty in exercise of their option and directed Chuck Realty to convey the properties to plaintiffs. In the agreement, the Resseguies were given "an option to repurchase" the properties for $75,000 plus 9¼% interest and any expenses incurred by plaintiffs in transferring the properties back to the Resseguies. Plaintiffs were to own the property "absolutely" if the Resseguies failed to exercise the option within 60 days. Pursuant to the March 19, 1975 agreement, Franklin B. Resseguie assigned all his interest, right and title in the aforesaid September 20, 1974 agreement to plaintiffs. Chuck Realty Corp. conveyed the premises by an instrument titled a "bargain and sale deed" to Wayne R. Adams, and Talon Realty Corp. assigned certain mortgages to Anne Adams. The Resseguies failed to exercise the option agreement dated March 19, 1975 and entered into a second agreement with plaintiffs, dated May 19, 1975, pursuant to which, among other things, the Resseguies were granted an option to reacquire the premises not later than June 27, 1975. They failed to exercise the option under either the agreement dated March 19, 1975 or the agreement dated May 19, 1975. Thereafter, the Resseguies commenced an action in Supreme Court, Tioga County, to ascertain title to the premises. The trial court established title in the plaintiffs herein. On appeal, this court modified the judgment appealed from, holding that title was established in the Resseguies who were held to be mortgagors under the instrument dated March 19, 1975 with a right to redeem (*Resseguie v Adams,* 55 AD2d 698, affd 42 NY2d 1022). This court stated (p 699): "Section 320 of the Real Property Law provides that a deed conveying real property which by another instrument appears to be intended only as security in the nature of a mortgage, although an absolute conveyance in terms, must be considered a mortgage." The Resseguies, by stipulation dated June 7, 1976, agreed to assure to plaintiffs herein the full and just amount of their loan to the Resseguies, plus expenses, together with adequate and reasonable interest on the total sums. On October 25, 1977, plaintiffs commenced an action to foreclose the instrument designated as a mortgage. Plaintiffs substituted counsel on December 13, 1978 and on December 21, 1978 a motion was made for leave to amend the complaint, which motion was granted by Special Term. The proposed amended complaint, in addition to the original cause of action to foreclose, seeks to add two new parties, and new causes of action for fraud, exemplary damages and on a signed stipulation. A motion to amend a complaint pursuant to CPLR 3025 (subd [b]) is within the sound discretion of the court and leave to amend should be freely given in the

absence of demonstrated prejudice (CPLR 3025, subd [b]; *Bilhorn v Farlow*, 60 AD2d 755; *Jankay v Clearoll Poly Film*, 59 AD2d 935; *Albany Crane Serv. v Pettibone Mulliken Corp.*, 54 AD2d 794). The new parties which plaintiffs seek to add are Chuck Realty and Talon Realty, both being involved in the real estate transactions and mortgages subject to the action. Special Term held that they are necessary parties and we agree. The second cause of action for fraud and the third cause of action for exemplary damages are set forth in detail in the proposed amended complaint. The allegations set forth a representation of a material existing fact, falsity, scienter, deception and injury *(Channel Master Corp. v Aluminum Ltd. Sales,* 4 NY2d 403). The cause of action based on the stipulation dated July 7, 1976 sets forth the written stipulation and the concessions made by the Resseguies. Although new causes of action are established, defendants are not presented with new or altered facts. Since the proposed amended pleading is not insufficient as a matter of law, the discretionary determination of Special Term should not be disturbed (see *Rife v Union Coll.,* 30 AD2d 504). The allegations set forth in the proposed verified amended complaint are sufficient as a matter of law and the court did not abuse its discretion in granting leave to amend *(Gonyeau v Vos,* 56 AD2d 946). Order affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Mikoll, JJ., concur.