◼ ROSALIND LEWIS, Respondent, v I.K.E. REALTY ASSOCIATES, Defendant and Third-Party Plaintiff-Respondent. ROSCH & WESTON CONTRACTORS, INC., Third-Party Defendant and Fourth-Party Plaintiff-Appellant; MARTIN SCHWARTZ et al., Fourth-Party Defendants-Respondents. — Appeal (1) from an order of the Supreme Court at Special Term, entered August 4, 1980 in Sullivan County, which granted the motion of fourth-party defendant Schwartz for reargument and, upon reargument, granted his motion for summary judgment, and (2) from the judgment entered thereon. Plaintiff's action against the defendant, I.K.E. Realty Associates, seeks to recover damages sustained in a slip and fall on an ice-covered walkway at an apartment complex owned by defendant. Defendant commenced a third-party action against Rosch & Weston Contractors, Inc., which had contracted with defendant to do the sanding and plowing of the parking lots and sidewalks at defendant's apartment complex. Rosch & Weston commenced a fourth-party action against Martin Schwartz, alleging that Schwartz, a licensed architect, had improperly designed and supervised the construction of the sidewalk so as to cause water to collect and freeze thereon. The fourth-party complaint also named certain other parties, but they apparently were not served. Fourth-party defendant Schwartz moved for summary judgment, stating in an affidavit that he "was hired on a limited basis only, that is, to prepare site layouts in compliance with zoning requirements and to prepare architectural and structural drawings for the apartment buildings themselves, suitable for filing with [the] local building department", and that he did not prepare detailed site drawings as he was never provided with the necessary grade or topographical information. Attached to the affidavit was a copy of the site plan prepared and submitted by fourth-party defendant Schwartz. The fourth-party plaintiff asserted that all information as to the scope of the employment of fourth-party defendant Schwartz was solely within the knowledge of Schwartz and the other fourth-party defendants who hired him but who were unavailable. It was also asserted that the site plan, which shows driveways, parking lots and walkways, raises a question of fact as to the scope of Schwartz' employment. The motion for summary judgment was initially denied, but upon reargument, Special Term granted the motion, and this appeal ensued. There must be an affirmance. The fourth-party defendant has stated in an affidavit that the professional services rendered by him in connection with the apartment complex did not encompass the design and/or supervision of the construction of the walkway where plaintiff slipped and fell. The site plan annexed to the affidavit tends to support these statements, as it contains no grade or topographical detail. The conclusory assertions in opposition, made by attorneys who do not have personal knowledge of the underlying facts, are of no probative value and should be disregarded (*Starbo v Ruddy*, 66 AD2d 950). It is the general rule that summary judgment is not justified where there are likely to be defenses that depend upon knowledge in the possession of the party moving for summary judgment (*Proctor & Gamble Distr. Co. v Lawrence Amer. Field Warehousing Corp.*, 16 NY2d 344; *Nordlicht v Norton Simon, Inc.*, 70 AD2d 511), but this rule does not apply where the party opposing summary judgment has failed to ascertain the facts due to its own voluntary inaction (*Silinsky v State-Wide Ins. Co.*, 30 AD2d 1; *Tausig & Son v Providence Washington Ins. Co.*, 28 AD2d 279, affd 21 NY2d 1022). Here, there are no facts alleged to support the conclusory allegation that the defense asserted

by the fourth-party defendant Schwartz is solely dependent upon his knowledge, and there is no allegation as to the steps taken by the fourth-party plaintiff to ascertain the relevant facts. Nor did the fourth-party plaintiff seek a continuance to permit disclosure to be had (see *Vermut v R & M Liqs.,* 50 NY2d 828). Under these circumstances, summary judgment was properly granted to the fourth-party defendant. Order and judgment affirmed, with costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.