■ WAYNE R. ADAMS et al., Respondents, v FRANKLIN B. RESSEGUIE et al., Appellants, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Zeller, J.), entered June 19, 1981 in Tioga County, which granted plaintiffs' motion for summary judgment and denied defendants' cross motion for summary judgment. The parties have a long history of tortured litigation which has twice been before this court (see *Resseguie v Adams,* 55 AD2d 698, affd 42 NY2d 1022; *Adams v Resseguie,* 73 AD2d 737). The controversy originated in a transaction on September 20, 1974 when defendant Franklin B. Resseguie caused his wholly owned corporation, Locator Map, Inc., to convey two parcels of land to Chuck Realty Corp., which grantee simultaneously gave Resseguie a duly recorded option to repurchase the properties for $42,500 before March 20, 1975.[1] On March 10, 1975, the parties executed a written agreement wherein the plaintiffs Adams agreed to and did lend Resseguie, their uncle, $75,000 he needed to pay Chuck Realty Corp. in order to exercise the aforesaid option.[2] Upon the payment by Resseguie, Chuck Realty conveyed title to plaintiff Wayne Adams who, in turn, granted the Resseguies an option to repurchase the properties within 60 days for the sum of $75,000 plus the expenses incurred by plaintiffs in the transaction and the amount of interest plaintiffs paid to a Pennsylvania bank to borrow the $75,000. In addition, they agreed that in the event the Resseguies or their corporation did repurchase the properties and resold either or both, a commission of 10% of the gross selling price would be paid to plaintiffs. When the Resseguies were unable to exercise their option, another agreement was executed on May 19, 1975 granting them a new option until June 27, 1975 to repurchase for $100,000, plaintiffs waiving all interest, legal expenses and the 10% commission on resale provided in the March agreement. Upon the failure to exercise this opinion, plaintiffs would have title free and clear. Unable to raise the money, the Resseguies proposed, shortly before June 27, 1975, that the property be sold to a third party for $40,000 cash and a substantial mortgage, in lieu of the option price of $100,000. Plaintiffs rejected this proposition. The Resseguies then commenced an action to have the deed to plaintiffs declared a mortgage, for specific performance of the last option, and for other relief. In December, 1976, this court reversed so much of the judgment at Trial Term as dismissed the complaint and, *inter alia,* ordered that the deed be deemed a mortgage. As so modified, the judgment was affirmed (*Resseguie v Adams,* 55 AD2d 698, affd 42 NY2d 1022, *supra*). After

1. It appears a loan was made to Resseguie because the subsequent March 19, 1975 agreement recites an assignment by him to Chuck Realty Corp. of two unrelated mortgages as additional security for the *"aforesaid financial assistance".*

2. There is no explanation why $75,000 was required when the option provided that $42,500 was to be paid for the repurchase.

the judgment, and during the pendency of the appeal therefrom, the Resseguies executed a binding stipulation on July 7, 1976, affirming their intention that plaintiffs be paid "the full and just amount of the principle [sic] of their loan * * * plus the sums * * * expended for taxes on the real property and transfer expenses together with adequate and reasonable interest on the total [of] said sums". The stipulation further provided that should they prevail in their defense of usury and recover title, the Resseguies would execute a valid first mortgage on the property to plaintiffs. On October 25, 1977, plaintiffs commenced this action to foreclose the court-ordered mortgage. In December, 1979, this court affirmed an order at Special Term granting plaintiffs leave to amend the complaint to add additional parties and new causes of action for fraud, damages, and on the signed stipulation (*Adams v Resseguie,* 73 AD2d 737, *supra*). The amended answer alleges usury and tender of payment as defenses. Special Term granted plaintiffs summary judgment foreclosing the mortgage and denied defendants' cross motion to dismiss the second and third causes of action. This appeal ensued. To successfully defeat a motion for summary judgment, an opposing party must come forward with specific and detailed allegations substantiated by evidence in the record; mere conclusory assertions will not suffice (*Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 264; *Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 342; *Steingart Assoc. v Sandler,* 28 AD2d 801). The record demonstrates that defendants' defense of usury is without merit. This defense was vitiated when this court held that defendants had abandoned it at oral argument upon appeal, and that part of the judgment at Trial Term dismissing the cause of action based upon usury was affirmed (*Resseguie v Adams,* 55 AD2d 698, 699, *supra*). Special Term correctly found that no issue of fact sufficient to require a trial existed. The defense of tender of payment is also meritless. It is axiomatic that a tender must not be contrary to the terms of any agreement between the parties (*Block v Ticker,* 219 App Div 587). Here, the Resseguies did not tender the option price of $100,000 but instead $40,000, plus a proposed mortgage from a prospective third-party purchaser. Special Term correctly found that no explicit averment of proof of tender of the full amount due upon either option was at any time made and refused. We have before us a judicially declared mortgage, effective March 19, 1975, upon which plaintiffs have conceded the principal balance is $70,000. Since this court did not define the terms of, or interest rate on such mortgage, we look to the testimony of the parties and averments in their affidavits to determine these items. Defendant Franklin B. Resseguie testified at his examination before trial that the "legal terms, in my opinion, are $75,000 plus interest, obviously any taxes they have paid plus interest, legal interest". Plaintiff Wayne R. Adams avers that he seeks $70,000 principal together with all taxes paid and interest at the prevailing legal rate per annum since March 19, 1975.[3] In the July 7, 1976 stipulation, the Resseguies agreed to pay the principal, taxes and plaintiffs' transfer expenses together with adequate and reasonable interest on the total of said sums. This differs from defendant Franklin B. Resseguie's subsequent testimony. Special Term's judgment of foreclosure referred the matter to a referee to ascertain and compute the amount due plaintiffs including principal, interest, taxes, insurance premiums and other amounts advanced by plaintiffs during the pendency of this action to protect their security. We hold that plaintiffs are entitled to recover the unpaid principal balance of $70,000 together with interest at the then prevailing maximum rate of 8½% (General Obligations Law, § 5-501; Banking Law, § 14-a; 3 NYCRR 4.1) from March 19, 1975, plus such sums plaintiffs paid for taxes, water rents and assessments upon the

---

3. Adams had agreed to credit $5,000 received on March 19, 1975 to reduction of the principal balance of the $75,000 loan.

mortgaged premises, all of which shall be ascertained and computed by the appointed referee. Plaintiffs shall have judgment for the total of said sums together with interest thereon from the entry of judgment (CPLR 5004). Order modified, on the law and the facts, in accordance with the terms of this decision, and, as so modified, affirmed, with costs to plaintiffs. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.

