TWINING, NEMIA & HILL, Respondent, v READ MEMORIAL HOSPITAL, INC., Appellant.

Third Department, November 24, 1982

APPEARANCES OF COUNSEL

*Paternoster, Estes & O'Leary* (*Terence P. O'Leary* of counsel), for appellant.

*Twining, Nemia & Hill* (*James C. Gacioch* of counsel), respondent *pro se.*

### OPINION OF THE COURT

SWEENEY, J.

On August 1, 1980, plaintiff law firm entered into a retainer agreement with defendant providing for the rendition of legal services in the field of labor and employment law at certain fixed hourly rates. Pursuant to this agreement defendant was required to pay monthly billings in full within 30 days of receipt of said billings. Monthly billings were sent by plaintiff to defendant with the total amount billed for services and disbursements amounting to approximately $39,000. Of this amount, defendant had paid approximately $23,000 by June of 1981. In June,

1981, defendant closed its doors to the public. In September, 1981, defendant's counsel requested additional time for payment. In October, 1981, defendant's treasurer sent a letter to plaintiff acknowledging defendant's recognition of the debt and requesting plaintiff to cancel the debt. The present action for breach of the retainer agreement was commenced in November, 1981 wherein plaintiff sought the balance due under the agreement. Thereafter, plaintiff moved for summary judgment and Special Term granted the motion. This appeal ensued.

In opposition to plaintiff's motion, defendant's administrator, who assumed his duties in October, 1981, submitted an affidavit expressing his understanding of the services performed by plaintiff although he had no personal knowledge of them and claiming that plaintiff's fee was excessive and unconscionable. He also alleged that the prior administrators and officers of defendant who had conferred with plaintiff were no longer associated with defendant and were unwilling to assist him in this matter and that the current administration lacked information in the plaintiff's possession which might enable defendant to oppose the summary judgment motion.

In order to defeat a motion for summary judgment, a party opposing the motion must come forward with specific and detailed allegations substantiated by evidence in the record, and mere conclusory assertions will not suffice (*Adams v Resseguie,* 87 AD2d 699, 700). A review of the record in the present case reveals that defendant's opposition to the motion for summary judgment was insufficient in this regard and failed to raise a triable issue of fact. Defendant's reliance on *Reisch & Klar v Sadofsky* (78 AD2d 517) is misplaced in that the court was therein concerned with a retainer agreement in a matrimonial action and emphasized the wider discretion invested in the court in a matrimonial action. In any event, we disagree with the majority in *Reisch & Klar* and agree with the dissent that on a motion for summary judgment in an action based on an attorney's retainer agreement mere conclusory statements that the fee sought is unconscionable or excessive are insufficient to defeat the motion and the opposing party must lay bare his proof in evidentiary

form (*Reisch & Klar v Sadofsky, supra,* pp 519, 520). Accordingly, we conclude that Special Term properly determined that defendant raised no triable issue as to unconscionability or as to the value of the services rendered sufficient to defeat the motion for summary judgment.

■ Defendant also urges that the court should have granted a continuance pursuant to CPLR 3212 (subd [f]) so as to provide it with the opportunity to discover any favorable evidence in plaintiff's possession. Where the party opposing a motion for summary judgment claims that a defense depends upon knowledge in the possession of the moving party, the motion will still be granted if the party opposing the motion has failed to ascertain the facts due to its own voluntary inaction (*Silinsky v State-Wide Ins. Co.,* 30 AD2d 1). In the present case, there are no allegations as to the steps taken by defendant to ascertain the relevant facts nor did defendant seek a continuance to permit disclosure before Special Term. Consequently, we are of the opinion that the plaintiff's motion for summary judgment was properly granted (see *Lewis v I.K.E. Realty Assoc.,* 81 AD2d 711).

The order and judgment should be affirmed, without costs.

MAHONEY, P. J., MAIN, WEISS and LEVINE, JJ., concur.

Order and judgment affirmed, without costs.