■ DONALD J. KENNEDY et al., Appellants, v TOWN OF THOMPSON, Respondent. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered December 6, 1982 in Sullivan County, which denied plaintiffs' motion for partial summary judgment. On May 6, 1981, the parties entered into a stipulation of settlement on the record in final disposition of an action commenced by plaintiffs based upon defendant's alleged tortious diversion of water from one of its roads onto plaintiffs' property. The settlement agreement provided, *inter alia,* that defendant would (1) install and maintain a catch basin along the road adjacent to plaintiffs' property to be connected to an inlet pipe passing under the road in that vicinity; (2) excavate a ditch and install a pipeline therein, with pipe furnished by plaintiffs, in accordance with a line and grade layout designated by a firm of professional engineers; and (3) remove any trees along the line that might die within one year of the laying of the pipeline. In February, 1982, plaintiffs commenced the instant action alleging breach of the settlement agreement and claiming damages. After defendant answered by interposing a general denial, plaintiffs moved for partial summary judgment on the issue of liability. They now appeal from Special Term's denial of the motion. From our examination of the moving and

opposing papers, we are of the opinion that defendant did not demonstrate the existence of outstanding triable issues concerning its breach of the settlement agreement sufficient to defeat summary judgment. The moving papers consisted of an affidavit of plaintiff Donald J. Kennedy and the affidavit and reply affidavit of a member of the firm of engineers named in the stipulation, together with various documentary exhibits. Each affidavit was based on the direct personal knowledge of the affiant, and thus established proof, in evidentiary form, that (1) defendant failed to install the pipeline at the grade specified in the engineers' layout (the last 65 feet of the line was installed at 0 degrees grade); (2) the catch basin installed by defendant consisted only of a bare hole with a grate covering it; and (3) trees had died along the line within the one-year period which defendant had not removed. The result, according to the affidavits, was to defeat the purpose of the stipulation to provide proper diversion of water away from plaintiffs' property. These averments were sufficient to establish all of the elements of plaintiffs' cause of action, thereby shifting the burden to defendant to show, by evidentiary proof in admissible form, that an issue of fact existed as to any element of plaintiffs' claim (*Zuckerman v City of New York,* 49 NY2d 557, 562). This defendant failed to do. Neither party claims that the settlement agreement was ambiguous, raising triable issues on its interpretation, and we agree. The opposing papers consisted of attorney's affidavits not based on personal knowledge, and that of defendant's highway superintendent. The attorney's affidavits were clearly insufficient to raise any triable issue (see *Zuckerman v City of New York, supra*). The highway superintendent's affidavit admits that the pipeline was not laid in accordance with the engineer's plan. The agreement to do so was absolute and unconditional. His justification for the nonconformity, that the designed grade was inadequate and that, as installed, the line was "satisfactory", was conclusory and, at best, consisted only of an alternate performance which was neither tendered in advance, nor accepted by plaintiffs, and was thus insufficient as a matter of law (see *Adams v Resseguie,* 87 AD2d 699, 700, mot for lv to app den 56 NY2d 506). Regarding defendant's obligation to install and connect the catch basin, since the agreement was silent on details of its construction, it was implied that installation was to be made in a customary and workmanlike manner. Plaintiffs' expert said that merely digging a hole and covering it with a grate did not conform to that standard. He supported this by citing specifications contained in defendant's own highway manuals which require, at a minimum, that real estate developers install catch basins lined with concrete blocks. In light of defendant's own description of a minimally accepted standard for such construction, the highway superintendent's unsubstantiated, general assertion that the catch basin "was installed by the defendant in the normal and customary manner of the Town" was insufficient to create a triable issue on defendant's performance of that obligation (*Dabney v Ayre,* 87 AD2d 957). The simple manner of actual construction of the catch basin may have been what defendant had intended when the stipulation was entered into, but that was never communicated to plaintiffs and hence cannot be a viable defense (*Rotuba Extruders v Ceppos,* 46 NY2d 223, 229). As to tree removal, defendant did not unequivocally or explicitly deny the occurrence of dead trees within the period specified in the agreement. Its claim of lack of notice is not a defense, since prior notice was not required under the stipulation. For all of the foregoing reasons, Special Term improperly denied plaintiffs' motion for partial summary judgment. Order reversed, on the law, with costs, plaintiffs' motion for partial summary judgment on the issue of liability granted, and matter remitted for trial on the issue of damages only. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.