KRISTEN KWIECINSKI, Appellant, v CHUNG HWANG et al., Respondents, et al., Defendants. [885 NYS2d 783]—

Peters, J.P. Appeal from an order of the Supreme Court (Lebous, J.), entered September 19, 2008 in Broome County, which granted a motion by defendants Chung Hwang, Susquehanna Anesthesia Affiliates and Mark Rivlin to, among other things, amend their answer.

Plaintiff commenced this action alleging, among other things, that she was negligently given the wrong drug in preparation for surgery. Specifically, in paragraph 23 of her complaint, plaintiff alleged that she "was supposed to receive Versed prior to the surgery. Instead, due to negligence, gross negligence and recklessness of defendant[s], plaintiff was given a paralytic agent. She was not given Versed. She was given a drug consisting of 40 percent paralytic compound, intended for use when a patient is hooked up to a respirator." In their answer, defendants Chung Hwang, Susquehanna Anesthesia Affiliates and Mark Rivlin (hereinafter collectively referred to as defendants) alleged that "as to the allegations as contained in paragraph numbered '23' of the . . . [c]omplaint, admit the first two sentences and deny knowledge or information sufficient to form a belief as to the remaining allegations." Defendants thereafter moved for permission to amend their answer, claiming that the admission of the facts contained in the first two sentences of paragraph 23 of plaintiff's complaint was inadvertent, and for an order precluding plaintiff from using the original admission in further proceedings in this action. Supreme Court granted the motion to amend the answer and ordered that plaintiff or any other party may not use the admission in the original answer at any stage of the litigation. Plaintiff now appeals.

Plaintiff contends that Supreme Court erred in precluding the use of defendants' admission in their original answer. We agree. "An admission of fact in an original pleading does not lose its effect as an admission of fact because the pleading has been superceded as such by an amended pleading" (*Ranken v*

*Probey*, 136 App Div 134, 135 [1909]; *see Resseguie v Adams*, 55 AD2d 698, 699 [1976], *affd sub nom. Locator-Map v Adams*, 42 NY2d 1022 [1977]; *Ogilvie v City of New York*, 44 AD2d 586, 586 [1974]; *Arinsky v Arsinskiy*, 280 App Div 820 [1952]; *Polakoff v Hill*, 261 App Div 777, 780 [1941]; *McNulty v Zaganos*, 255 App Div 274, 275 [1938]; *Kunglig Jarnvagsstyrelsen v Dexter & Carpenter*, 32 F2d 195, 198 [2d Cir 1929], *cert denied* 280 US 579 [1929]). As a result, admissions in an original pleading superceded by an amended pleading "are still evidence of the facts admitted" (*Resseguie v Adams*, 55 AD2d at 699). The circumstances surrounding the original admissions and the amendment may be explained at trial, however, and the weight afforded the original admissions is to be determined by the factfinder (*see Bogoni v Friedlander*, 197 AD2d 281, 292-293 [1994]; *Arinsky v Arsinskiy*, 280 App Div at 820). As the admissions in the original answer survive the amended answer (*see Arinsky v Arsinskiy*, 280 App Div at 820), we conclude that Supreme Court erred in precluding defendants' admissions in their original answer.

Rose, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted the motion of defendants Chung Hwang, Susquehanna Anesthesia Affiliates and Mark Rivlin to preclude the use of admissions in their original answer during the litigation; motion denied to that extent; and, as so modified, affirmed.