■ ALEXANDER RAZINSKI et al., Appellants, v 136 FIELD POINT CIRCLE HOLDING COMPANY LLC, Respondent. [23 NYS3d 885]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered November 6, 2014, which, to the extent appealed from as limited by the briefs, declared that plaintiffs do not hold an equitable mortgage in the subject property, dismissed the equitable mortgage claims, and granted defendant's motion for summary judgment on its counterclaims for possession and ejectment, unanimously affirmed, without costs.

Plaintiffs presented no evidence that the deed to the subject property was held as security for a loan, pursuant to Real Property Law § 320 (*see D & L Holdings v Goldman Co.*, 287 AD2d 65 [1st Dept 2001], *lv denied* 97 NY2d 611 [2002]; *cf.*

*Resseguie v Adams*, 55 AD2d 698, 698 [3d Dept 1976], *affd sub nom. Locator-Map v Adams*, 42 NY2d 1022 [1977]). Contrary to plaintiffs' assertion, the Master Agreement does not show that defendant loaned them money. Rather, it shows that they assigned their option to purchase the property to defendant in return for an option acquisition payment from defendant, i.e., that the money they received from defendant was part of a sale transaction. Concur—Tom, J.P., Friedman, Sweeny, Acosta and Andrias, JJ. 