Davis v Eab-Tab Enters. (2018 NY Slip Op 08225)





Davis v Eab-Tab Enters.


2018 NY Slip Op 08225


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

526451

[*1]KODY DAVIS et al., Respondents,
v
EAB-TAB ENTERPRISES et al., Defendants and Third-Party Plaintiffs- Respondents; UTICA FIRST INSURANCE COMPANY, Third-Party Defendant- Appellant.

Calendar Date: October 9, 2018

Before: McCarthy, J.P., Devine, Mulvey, Rumsey and

 Pritzker, JJ.

Farber Brocks & Zane LLP, Garden City (Sherri N. Pavloff of counsel), for third-party defendant-appellant.
Napoli Shkolnik, PLLC, New York City (Craig Phemister of counsel), for respondents.
Joseph H. Warren, Coxsackie, for defendants and third-party plaintiffs-respondents.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Supreme Court (Fisher, J.), entered July 10, 2017 in Greene County, which partially denied third-party defendant's motion for, among other things, summary judgment dismissing the third-party complaint.
In March 2015, plaintiff Kody Davis, a laborer who was working
short term with defendant Thomas Bender on sheetrock and painting in a building owned by defendants, was injured when a drill operated by Bender penetrated the floor where he was working and made contact with Davis' foot. In July 2015, Davis and his spouse, derivatively, filed a complaint alleging negligence and Labor Law violations. Subsequently, defendants notified their insurer, third-party defendant, Utica First Insurance Company, of the claim and Utica First denied coverage based primarily on an employee exclusion within the policy [FN1]. Thereafter, Supreme Court granted a motion made by plaintiffs seeking to amend their summons and complaint. The amended verified complaint removed allegations of Labor Law violations, including averments that Davis was an employee, and only asserted causes of action sounding in negligence. Defendants then filed an amended answer seeking to implead Utica First. Subsequently, Utica [*2]First moved, among other things, to dismiss the third-party complaint arguing, as a matter of law, that it had no obligation to defend or indemnify defendants, as the insurance policy clearly excluded employees. In its reply affirmation, Utica First further alleged collusion among the other parties' to "create coverage where none had existed" by amending the pleadings and steering discovery to trigger coverage. Supreme Court treated the motion to dismiss as one for summary judgment pursuant to CPLR 3211 (c) and, finding that Davis was an independent contractor as a matter of law, denied the motion and the request for a declaratory judgement. We affirm denial of Utica First's motion but for a different reason, as we find a triable issue of fact as to whether Davis was an employee or independent contractor. "'The critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results[,] and the factors relevant to assessing control include whether the worker (1) worked at his or her own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule'" (Gagen v Kipany Prods., Ltd., 27 AD3d 1042, 1043 [2006] [internal brackets omitted], quoting Bynog v Cipriani Group, 1 NY3d 193, 198 [2003]; see Berger v Dykstra, 203 AD2d 754, 754 [1994], lv dismissed 84 NY2d 965 [1994]).
In support of its motion, Utica First proffered an affidavit from its vice-president of claims regarding the policy, a copy of the policy and a copy of the original verified complaint, which included Labor Law allegations based upon Davis' status as an employee of defendants [FN2]. Utica First argued that, based upon these allegations, it was "undisputed that Davis was injured during the course of his employment for [defendant] EAB-TAB [Enterprises]." Thus, Utica First met its initial burden of demonstrating that there were no material issues of fact, thereby shifting the burden to plaintiffs and defendants as the nonmoving parties (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Roemer v Allstate Indem. Ins. Co., 163 AD3d 1324, 1325 [2018]).
In response, plaintiffs and defendants submitted an affidavit from Davis and portions of Davis' and Bender's depositions. Plaintiffs alleged that Davis was not an employee, relying on the fact that no taxes were removed from Davis' check, the assertion that Davis was employed by an LLC with no other employees and a statement in Davis' sworn affidavit that he worked for others and was never solely employed by defendants, stating that "only [he] controlled the means and methods as to how" he completed work. In response, Utica First proffered a further affirmation in support of its motion, including the depositions of Davis and Bender in their entirety as evidence of control, specifically noting that Bender provided Davis with supplies and affirmatively responded when asked if he was "supervising the work." Utica First also highlighted the testimony regarding the detailed instructions given at the time of the accident and rebutted plaintiffs' assertion that Davis performed work for others by pointing out that this work was not contemporaneous to the work he did for defendants. These submissions highlighted that, despite Davis' characterization of himself as an employee in the initial complaint,[FN3] the record contains evidence raising the inference of an employer-employee relationship, as well as evidence of lack of control more akin to Davis being an independent contractor. Therefore, as the parties submissions present bona fide questions of fact for a jury to determine, summary judgment must be denied on this basis (see Pesante v Vertical Indus. Dev. Corp., 29 NY3d 983, 984 [2017]; Ellis v Lansingburgh Cent. Sch. Dist., 163 AD3d 1146, 1148 [2018]).
To the extent they are preserved for our review, we have examined Utica First's remaining contentions and find them to be lacking in merit.
McCarthy, J.P., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.



Footnotes

Footnote 1: Defendants did not carry a workers' compensation policy to benefit Davis.

Footnote 2: Further, as set forth in an attorney affirmation submitted in support of Utica First's motion, defendants did not deny the employer-employee relationship during correspondence between defendants and Utica First.

Footnote 3: This admission of fact in the verified complaint "does not lose its effect as an admission of fact because the pleading has been superceded as such by an amended pleading" (Kwiecinski v Chung Hwang, 65 AD3d 1443, 1443-1444 [2009] [internal quotation marks and citation omitted]).