▉ SCHOOL BUS SALES, INC., Appellant, v. EUREKA WILLIAMS CORPORATION, Respondent.— Appeal from a dismissal of the first cause of action in a nonjury trial, the second and third causes of action and the counterclaim having been settled by stipulation. That part of the complaint with which we are concerned alleged that in February, 1949, the parties agreed in a written contract that the plaintiff would be the exclusive distributor of defendant's products in a definite territory and that plaintiff was entitled to commissions and other benefits from sales. The territory included "all of New York State, except Greater New York City and Long Island" and New England. The products to be sold were "bus bodies specified in the Company's latest Distributor's Model Schedule" which — Schedule — was subject to change

without notice. It further provided that the company — defendant herein — would not knowingly sell bus bodies within the plaintiff's territory except " bus bodies mounted on Reo chassis ". Sometime subsequent to 1949 the Coach & Equipment Company invented and developed a bus known as " Monobilt "— combination of chassis and bus body — and entered into an agreement with defendant to manufacture the product in return for which the said Coach & Equipment Company was to have the selling rights in part of the territory of plaintiff and 2% on all sales in any other territory. In 1953 the territory of the plaintiff was changed and it was given the right to sell " Monobilt " in parts of the old and new territory. In 1955 the plaintiff cancelled its contract and instituted this action for a breach of contract, claiming its territory was taken away and that the contract in 1949 contemplated and was intended to include such a new concept of bus selling as " Monobilt ". It is further contended on this appeal that the lower court erred in allowing defendant to amend its answer during trial to include the affirmative defenses of contract modification, waiver and estoppel and further erred in the admission of oral conversations in the attempt to show a modification of the 1949 contract. It is evident from the testimony that the school bus industry — which was the primary interest of plaintiff — was in many respects a specialty business. The form of the contract and the subsequent actions of the parties fully demonstrate that the contract was one of flexibility and subject to alteration; either party could cancel on 30 days' notice and modification was permitted by a written instrument duly executed by an authorized officer of the defendant — this apparently accounts for the detailed and outlined letters — and it was further subject to the company's latest Distributor's Model Schedule, subject to change without notice. The agreement was drawn by the defendant and it may fairly be said that it was pretty much in control of the contract. During the trial and after the stipulation as to the various parts of the pleading, except the first cause of action, the defendant moved for permission to amend its answer by setting forth the affirmative defenses of (1) modification of contract, (2) waiver and (3) estoppel. The court trying the case without a jury after due consideration granted the motions. As to the objection by plaintiff to the trial court's granting of the motion to amend the answer to set up the three affirmative defenses, it would appear that while the court was extremely liberal toward the defendant, it was within the spirit of the appropriate sections of the Civil Practice Act concerning amendments and within the spirit of *Harriss* v. *Tams* (258 N. Y. 229, 239) where the Court of Appeals states that the trial court may mould the pleadings to formulate the issues and the defendant may not complain so long as he receives notice and an opportunity to defend. In the instant case, the trial court upon granting the motion to amend the answer complied by giving the plaintiff every opportunity to prepare its case. Under the circumstances as outlined by the court herein for permission to amend the pleadings, there is no showing of any prejudice to the plaintiff's claim and the amendments were proper. It might further be noted that plaintiff moved to amend its complaint, which motion was granted. In *Molloy* v. *Village of Briarcliff Manor* (217 N. Y. 577) the plaintiff, although guilty of laches, was allowed to amend the complaint to conform to the evidence. As to the motion of the defendant to amend its answer, the court held it was addressed to the discretion of the trial court and not reviewable. The proof shows that in 1953 — two years before cancellation of contract — various conferences were held by the respective parties as to changes in the territory by deleting certain counties in the western part of the State originally covered by the plaintiff's contract and substituting therefor other counties, together

with the right to sell the "Monobilt". As a result of these conferences the defendant, through one of its duly authorized officers, incorporated into letter form the various changes as agreed upon between the parties. There was no protest recorded by the plaintiff but to the contrary it would appear it acquiesced in such changes and did business in accordance therewith. It is significant to note in this respect that one county — Ontario County — which originally was subject to change, was allowed to remain as part of the territory of the plaintiff after it was shown to be to the advantage of both parties. The exhibits in evidence clearly show that plaintiff acceded to the change in territory and approved the modification. There is another phase of the controversy which requires comment. Between 1949–1953 — before modification of the contract — the defendant permitted the "Monobilt" to be sold in the exclusive territory of the plaintiff by another agent. The lower court found that the contract did not contemplate such type of equipment. The record discloses that during the period, before modification, when the "Monobilt" was being sold in plaintiff's territory, it had knowledge of such sales, that no complaints were registered, in fact, a letter of July 2, 1952 appears to be not only an asquiescence by plaintiff but a refusal to consider sales of "Monobilt". With knowledge of these facts, upon which recovery is sought, the plaintiff continued doing business with the defendant and in 1953 entered into a modification which substantially changed the original contract. These factors and others contained in the record, not necessary to enumerate, constitute a sufficient basis to sustain the lower court. Judgment unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.