◼ ARTHUR D. PETROZZI, Respondent, v. SALVATORE PASSAMONTE, Appellant.— STALEY, JR., J. Appeal from an order of the Supreme Court at Special Term, entered October 26, 1967, in Schenectady County, which denied a motion to compel plaintiff to accept defendant's amended answer setting forth the affirmative defense that the cause of action is barred by subdivision 6 of section 29 of the Workmen's Compensation Law. On February 20, 1962 plaintiff's automobile, while stopped for a traffic signal at the intersection of River Road and Edison Avenue just beyond the main gate of the General. Electric plant in the City of Schenectady, was struck in the rear by defendant's automobile. Plaintiff and defendant were both employees of the General Electric Company, and were on their way home from work when the accident happened. This action to recover for personal injuries and property damage was commenced by the service of a summons on November 2, 1964. After a motion to dismiss for lack of prosecution, the complaint was served on February 4, 1965. An answer consisting of a general denial was served February 8, 1965. On July 16, 1965 the defendant moved at Special Term for an order permitting him to serve an amended answer setting forth the affirmative defense that the cause of action is barred by subdivision 6 of section 29 of the Workmen's Compensation Law. In his moving affidavit the defendant's attorney stated that the parties were both employed by the General Electric Company; that River Road where the accident occurred was owned by the General Electric Company; and that he had inadvertently failed to plead the statute as a defense. The plaintiff's opposing affidavit stated that the amendment would be prejudicial since the plaintiff could no longer claim compensation by reason of the time limitations of the Workmen's Compensation Law; that plaintiff's injuries were not received in the course of employment nor did they arise out of the employment; and that defendant had not shown sufficient facts to excuse his failure to timely plead the defense. In a supplemental and reply affidavit the defendant's attorney stated that he used the wrong language when he stated that he had inadvertently failed to interpose the defense, and that he intended to state that he had no knowledge at the time the answer was interposed, that River Road where the accident happened was the property of General Electric Company, and that he had been informed by defendant that he had no such knowledge. Special Term denied the motion without prejudice to a renewal thereof upon the ground that the conclusory statements of counsel that River Road was a part of the General Electric property was insufficient to establish a foundation which would permit the serving of an amended answer setting forth that the defense of workmen's compensation is an exclusive remedy. In June, 1967 defendant renewed his motion. The moving papers submitted on this motion included affidavits by a licensed land surveyor employed by the General Electric Company, the defendant and a passenger in the defendant's automobile, and photographs, all of which purport to show that the accident occurred on General Electric property as the plaintiff and defendant were leaving their place of employment. Special Term denied the motion by order entered October 26, 1967 on the ground that the surveyor had stated that the property line is a north-south line and, therefore, the statements of the defendant and his passenger that the accident happened south of this line had no probative value, and that there was no allegation in the proposed affirmative defense

that the plaintiff and defendant were engaged in the course of the business of their common employer at the time of the happening of the accident. While prejudice may be a proper basis for denying a motion to amend, the plaintiff's contentions are specious in that he did not commence his action until after the time within which he could file a compensation claim had expired and his complaint was not served until several months thereafter. A motion for leave to amend an answer may be made at any time prior to trial where the defense sought to be alleged is such that it would, if established, deprive the court of the jurisdiction of the subject matter of the action. (*Van Wie* v. *Gridley & Son*, 21 A D 2d 842.) On a motion for leave to amend an answer, a defendant need not establish a prima facie case, and the court is confined to the question of whether the pleading is sufficient upon its face. Determination of factual questions raised by the depositions should be left to be tried by a jury under proper instruction by the court as to the legal principles applicable. (*Van Wie* v. *Gridley & Son, supra.*) Here the defendant and his attorney discovered that the accident allegedly occurred on premises owned by the employer after the service of the answer. Special Term denied the motion on technical differences in the affidavits concerning direction, although it was clear that the affiants were speaking of a place between the plant and a line drawn from curb to curb between the plant and the intersection of River Road and Edison Avenue. The court should have recognized that these differences would be resolved at a trial, and should not have denied the motion on this basis. Special Term also denied the motion on the further ground that it did not appear from the proposed amended answer that the parties were engaged in the course of business of their common employer at the time of the happening of the accident. While the answer was not explicit in this regard, the proposed answer was sufficient to advise the plaintiff that this was the claim of the defendant. While plaintiff asserts that the accident did not occur at a place where both parties were still in the course of employment, it has been held that injuries received in an automobile accident on premises owned by an employer between coemployees who are going to or from work have been deemed to arise out of and in the course of employment. (*Caracciolo* v. *Furman*, 29 A D 2d 903; *Roberts* v. *Gagnon*, 1 A D 2d 297.) The order must be reversed, and the motion to amend granted. Order reversed, on the law and the facts, and motion granted, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Greenblott, JJ., concur in memorandum by Staley, Jr., J.