■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NATHANIEL CHERRY, Appellant, v. JOHN T. DEEGAN, as Warden of Sing Sing Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Westchester County, entered June 11, 1968, which dismissed the writ. Judgment affirmed, without costs. There being no claim in the petition that appellant's guilty plea was involuntary, much less particularized allegations as to why it was entered, it is well settled that such plea constitutes an absolute waiver of all nonjurisdictional defects in any prior stage of the proceedings (*People ex rel. Newman* v. *McMann*, 29 A D 2d 704; cf. *United States ex rel. Ross* v. *McMann*, 409 F. 2d 1016). Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.

■ BEATRICE JAMES-SMITH, Appellant, v. MESHULEM ROTTENBERG, Respondent.— In an action (1) to recover damages for breach of a contract of sale of real property and (2) upon a check, plaintiff appeals from an order of the Supreme Court, Rockland County, dated October 31, 1968, which granted defendant's motion for leave to serve an amended answer. Order reversed, on the law and the facts, with $10 costs and disbursements, and motion denied. Respondent's answer, which was served on June 14, 1966, contained general denials. By notice of motion dated August 30, 1968 he moved to amend his answer by setting forth the affirmative defenses of fraud and illegality. At this time the case had reached the top of the Trial Calendar. Appellant's case was prepared on the basis of an answer containing a general denial; she is old and in ill health and all the facts which might form the basis of the affirmative defenses occurred prior to the making of the contract and were or should have been known to respondent at least by the time the complaint was served. Although we are mindful of the liberal policy to be followed with respect to motions to amend (see CPLR 3025, subd. [b]), we are of the opinion that it was an improvident exercise of discretion, resulting in prejudice to appellant, to permit the amendment. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.