■ ALBANY CRANE SERVICE, INC., Respondent, v PETTIBONE MULLIKEN CORPORATION, Appellant, et al., Defendant.—Appeal from an order of the Supreme Court at Special Term, entered January 7, 1976 in Albany County, which denied a motion for permission to serve an amended answer. This is an action for property damage to a truck-crane sold to plaintiff by defendant Pettibone Mulliken Corporation. The truck-crane was involved in an accident on April 24, 1972. This action was commenced on February 27, 1974 and the original complaint alleged a cause of action for breach of warranty. An answer was served on March 28, 1974. Plaintiff served an amended complaint setting forth an additional cause of action in negligence to which an answer was interposed on April 5, 1974. Thereafter, there was a substitution of attorneys for defendant and the new attorneys served an amended answer asserting the defense of Statute of Limitations which was rejected by plaintiff's attorneys. The instant motion for permission to serve an amended answer pursuant to CPLR 3025 (subd [b]) was made and denied by Special Term. This appeal ensued. Basically, it is defendant Pettibone's contention that since plaintiff neither claims nor established any facts demonstrating prejudice, the motion should have been granted. Plaintiff, on the other hand, maintains that the denial was within the limits of Special Term's discretion. The present trend is to liberally permit amendments to pleadings and the statute specifically so provides. (CPLR 3025, subd [b].) While the granting of the motion is within the sound discretion of the court, prevailing authority establishes that in the absence of a showing of prejudice leave should be freely granted *(Cossart v Frendenburgh,* 50 AD2d 993; *Lermit Plastics Co. v Lauman & Co.,* 40 AD2d 680; *Rife v Union Coll.,* 30 AD2d 504; *Kell v Henderson,* 26 AD2d 595; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.11; 6 Carmody-Wait 2d, NY Prac, § 34.16). In the instant case there is absolutely no showing of prejudice. The delay of one and one-half years in serving the amended answer alone did not constitute prejudice. The statute itself provides that the amendment may be made "at any time" and it is our opinion that unless the delay contributes to or constitutes prejudice the amendment should be allowed (see *School Bus Sales v Eureka Williams Corp.,* 10 AD2d 773, 774; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.16). Considering the record in its entirety in light of these authorities, we are of the view that it was an abuse of discretion to deny the motion. The order should be reversed. Order reversed, on the law and the facts, with costs. Greenblott, J. P., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.