■ RICHARD GONYEAU et al., Respondents, v JOHN VOS, Appellant. RICHARD GONYEAU et al., Respondents, v MARGARITE V. Vos, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered November 7, 1975 in Schenectady County, which denied defendants' motions to serve amended answers and to dismiss the complaints. Plaintiff allegedly sustained injury on defendants' premises on October 5, 1971 while in the course of his employment and an action was commenced against the defendant John Vos in January of 1973 and against the defendant Margarite Van Dyck Vos in June of 1973. The motion seeking leave to serve amended answers in order to assert a defense of the assignment of plaintiffs' cause of action to the workmen's compensation insurance carrier pursuant to section 29 of the Workmen's Compensation Law was instituted pursuant to order to show cause dated September 3, 1975. Defendants also moved to dismiss the complaints on the basis of the proposed defense. In denying the request for relief, Special Term found that no assignment of the cause of action could have taken place because, at the time the notice of such assignment was supposedly given, no compensation payments had been made (see *Juba v General Bldrs. Supply Corp.,* 7 NY2d 48). A motion to amend an answer may be made at any time prior to trial (CPLR 3025, subd [b]), and should be granted if the alleged defense sought to be interposed would, if established, deprive the court of jurisdiction of the cause *(Petrozzi v Passamonte,* 32 AD2d 716). Absent a showing of prejudice to the plaintiff, and there was none here, the court should not determine factual questions, but should confine itself to the question of whether the pleading as submitted was sufficient on its face (3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.15; *George v Sparwood Realty Corp.,* 34 AD2d 768; *Petrozzi v Passa-*

*monte, supra).* Since the proposed answers met this standard, it was error to deny the motion in that regard. However, inasmuch as defendants' moving papers did not resolve the issues of whether compensation payment had been made and the proper notice sent to plaintiff under subdivision 2 of section 29 of the Workmen's Compensation Law, Special Term correctly denied that phase of the motion seeking a dismissal of the complaints. Order modified, on the law and the facts, by reversing so much thereof as denied the motion to amend the answers; motions granted, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.