■　GEORGE BIRDSALL, SR., as Administrator of the Estate of STUART A. BIRDSALL, Deceased, et al., Respondents, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. WATER TUNNEL CONTRACTORS, Third-Party Defendant-Appellant.—Order, Supreme Court, Bronx County, entered July 2, 1976, denying third-party defendant-appellant's motion for an order for leave to serve an amended answer, unanimously affirmed, without costs and without disbursements. Appeal from order of the same court, entered October 1, 1976, denying third-party defendant-appellant's motion for "reargument, reconsideration and renewal" of their prior motion for leave to serve an amended answer, unanimously dismissed as nonappealable, without costs and without disbursements. Though it should be freely granted (CPLR 3025, subd [b]), leave to amend rests in the sound discretion of the court (Harriss v Tams, 258 NY 229, 240). In this negligence action to recover for personal injuries and wrongful death, it was not an improvident exercise of that discretion to have relegated the third-party defendant-appellant's questions of insurance coverage and conflicts of interest to a declaratory judgment action (Kelly v Yannotti, 4 NY2d 603), especially when the factual basis of the proposed amended answer was known at the time of the original answer (Foster Co. v Terry Contr., 25 AD2d 721) and leave to amend was sought two years later (James-Smith v Rottenberg, 32 AD2d 792; De Fabio v Nadler Rental Serv., 27 AD2d 931). Despite its label, the subsequent motion, presenting no new

facts, was one for reargument and the order denying it is not appealable (2A Weinstein-Korn-Miller, NY Civ Prac, par 2221.03). Concur—Birns, J. P., Evans, Lane and Lynch, JJ.