■ NEW ISLAND INVESTORS, Respondent, v INSURANCE COMPANY OF NORTH AMERICA et al., Respondents, and GERALD C. BARTON, Appellant, et al., Defendants.—In an action, *inter alia,* to impress a trust upon the proceeds of a policy of fire insurance, defendant Barton appeals from an order of the Supreme Court, Nassau County, dated October 5, 1977, which denied his motion (1) to amend his answer so as to interpose a defense of discharge in bankruptcy and (2) for summary judgment. Order modified, on the law, without costs or disbursements, by deleting so much thereof as denied the branch of the motion which sought leave to amend the answer and substituting therefor a provision granting that branch of the motion, upon the condition that appellant personally pay to the attorneys for the

respondents who have appeared herein the sum of $150 each, within 10 days after entry of the order to be made hereon; in the event that such condition is not complied with, order affirmed, with one bill of $50 costs and disbursements payable jointly to respondents appearing separately and filing separate briefs. This action was commenced in March, 1975 and seeks to impose a constructive trust upon the funds paid to the mortgagors and transferred to appellant, their attorney, allegedly in violation of plaintiff's superior mortgage interest. In March, 1976 appellant filed a voluntary petition in bankruptcy, listing plaintiff as a creditor therein. On June 17, 1976 the United States District Court for the Southern District of New York issued a notice of discharge. Thereafter, on July 26, 1977, three weeks before the case was calendared for trial, appellant moved to amend his answer based on the discharge and for summary judgment. The motion was denied. Although more than a year passed from the time that appellant received the initial discharge until the time that he moved to amend his answer, "Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:5, p 477). In this case, the facts upon which the proposed amended pleading is based were not known at the time the original answer was served; the discharge was not granted until the next year (cf. *James-Smith v Rottenberg,* 32 AD2d 792, discussed in 44 St. John's L Rev 552). Nor has plaintiff been deprived of any remedy on account of the delay (see *Perez v Chutick & Sudakoff,* 50 FRD 1). Furthermore, plaintiff had notice of the bankruptcy issue as early as March, 1976, when it received notice of the voluntary petition. Nevertheless, appellant is an attorney and should have been aware of the necessity for making the motion at the earliest practical time. Since the trial has been delayed by this and other motions (see *New Is. Investors v Insurance Co. of North Amer.,* 60 AD2d 646), we think that the personal imposition of $150 costs payable to the two sets of attorneys for the respondents who have appeared on this appeal is a just condition for allowing the amendment (see CPLR 3025, subd [b]; *Mirabella v Banco Ind. de la Republica Argentina,* 34 AD2d 630). The denial of summary judgment based upon the defense was proper. There are questions of fact to be resolved upon a trial. Hopkins, J. P., Martuscello, Rabin and Hawkins, JJ., concur.