CAPELLINO ABATTOIR, INC., Respondent, v ROBERT LIEBERMAN, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered August 7, 1978 in St. Lawrence County, which granted plaintiff's motion for leave to serve a second amended complaint upon defendant. The facts of this case, which is before this court for the second time, are adequately set forth in our prior opinion (see *Capellino Abattoir, Inc. v Lieberman,* 59 AD2d 986). Following our earlier order which granted defendant's motion to vacate a default judgment against him, plaintiff moved for leave to serve a second amended complaint, which contained an additional cause of action based on defendant's alleged promise to become personally liable for the cost of goods delivered. Defendant appeals from the order of Special Term granting leave to serve the second amended complaint. Pursuant to CPLR 3025 (subd [b]), a party may seek leave of court at any time to amend his pleading. The granting of the motion is within the sound discretion of the court and leave should be freely granted in the absence of a

showing of prejudice *(Albany Crane Serv. v Pettibone Mulliken Corp.*, 54 AD2d 794). Defendant has made no showing of prejudice in the instant case. The same basic facts are alleged in the second amended complaint and it does not appear that allowing the amendment will occasion any delay or additional expense. Although defendant argues that the plaintiff should not have been granted leave to amend his complaint over 10 years after the action was commenced, it should be noted that plaintiff moved for leave to amend his complaint less than three months after the default judgment was vacated. Finally, defendant's contention that plaintiff's amendment is a subterfuge to avoid what would otherwise be a bar to his claim by virtue of the Statute of Limitations is without merit. Plaintiff is not adding a new party to this action but is merely alleging a new theory of liability against the defendant. If, as here, the original pleading gave notice of the transaction out of which arises the claim sought to be interposed in the new pleading, there is a relation back and the new claim is deemed to have been interposed at the time the claims in the original pleading were interposed (CPLR 203, subd, [e]). Accordingly, the order of Special Term should be affirmed. Order affirmed, with costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.