◼ DONALD W. RUSSELL et al., Respondents, v CITY OF TROY, Appellant. —Appeal from an order of the County Court of Rensselaer County, entered January 29, 1979, which denied a motion for permission to serve an amended answer. The adult respondents are the owners of a dwelling in the City of Troy. Appellant maintains a combination storm and sanitary sewer system beneath the public street adjacent to this dwelling. The first three causes of action alleged in the complaint seek to recover for damages to the building and its contents, while the fourth and fifth causes of action are to

recover for personal injuries and medical expenses as a result of injuries sustained by the infant respondent. It is alleged that due to appellant's negligence the sewer system became obstructed, causing it to back up and flow into the cellar of respondent's dwelling on September 20, 1974, June 29, 1975 and July 9, 1975. The action was commenced on December 17, 1975. Appellant's attorney maintains that after issue was joined, and as a result of pretrial depositions during the summer of 1978, he became aware that the sewer backing up was the result of a toilet improperly installed by respondents. When appellant's amended answer alleging assumption of risk was refused by respondents, the instant motion for permission to serve an amended answer was made in September, 1978. The court denied the motion on the ground that the long delay in seeking to amend was prejudicial to respondents per se. This appeal ensued. There must be a reversal. While the granting of such a motion is within the sound discretion of the court, prevailing authority establishes that leave to amend should be freely granted absent a showing of prejudice *(Albany Crane Serv. v Pettibone Mulliken Corp.,* 54 AD2d 794). Here, there is no claim of prejudice in the opposing affidavit and on this record we find none. The delay in the instant case "per se" did not constitute prejudice. Considering the record in its entirety in light of the present trend, we are of the view that it was an abuse of discretion to deny the motion *(Gonyeau v Vos,* 56 AD2d 946; *Albany Crane Serv. v Pettibone Mulliken Corp., supra).* Order reversed, on the law and the facts, without costs, and motion granted. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Mikoll, JJ., concur.