■ NORMAN C. DARLING, Appellant, v CHRISTINE M. DARLING, Respondent.—Case held, decision reserved, and matter remitted to Ontario County Family Court, Cribb J., to make findings pursuant to CPLR 4213 and section 165 of the Family Court Act. (Appeal from order of Ontario County Family Court—custody.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANDREW MATHEWS, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed on the memorandum decision at Supreme Court, Wyoming County, Conable, J. (Appeal from judgment of Wyoming Supreme Court—habeas corpus.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Doerr, JJ.

■ MENNE NURSERY CORPORATION, Formerly MENN-STAN CORP., INC., Appellant, v REBCO STEEL CORP, INC., et al., Respondents. (Appeal No. 1.)—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff brought a motion pursuant to CPLR 3025 (subd [b]) for leave to serve an amended complaint, adding two additional party defendants and including causes of action based upon unjust enrichment, account stated and fraud. The motion was made following discovery proceedings which apprised plaintiff for the first time as to the true owners of certain real property where plaintiff had performed landscaping services that had gone unpaid and were the subject of plaintiff's initial complaint. Special Term allowed plaintiff to amend its complaint on condition that plaintiff pay $350 for attorney's fees to the defendants. We find that defendants will suffer no prejudice as a result of the amendment and conclude that Special Term did not abuse its discretion in granting plaintiff's motion for leave to amend (*Capellino Abattoir, Inc. v Lieberman,* 70 AD2d 713; *Creative Marketing Prods. of Rochester v United States Fid. & Guar. Co.,* 69 AD2d 1014). The same basic facts are alleged in the amended complaint as in the initial complaint and it does not appear that allowing the amendment will occasion any delay or additional expense. Plaintiff moved to amend with a reasonable time after ascertaining new and relevant information during the course of pretrial discovery proceedings and well in advance of trial. It was an improvident exercise of discretion for Special Term to grant plaintiff permission to amend its complaint conditioned upon plaintiff's payment of the sum of $350 to the defendants for counsel fees. Accordingly, such condition is deleted from the order. (Appeal from order of Erie Supreme Court—amend complaint.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Doerr, JJ.

■ MENNE NURSERY CORPORATION, Formerly Known as MENN-STAN CORP., INC., Appellant, v REBCO STEEL CORP., INC., et al., Respondents. (Appeal No. 2.)—Appeal dismissed as moot. (Appeal from order of Erie Supreme Court—reargument.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Doerr, JJ.