■ PATRICIA CAMPBELL, Respondent, v LA FORGIA OIL COMPANY, INC., Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Kings County, dated August 15, 1980, which denied its motion for leave to amend its answer to include an affirmative defense of collateral estoppel. Order reversed, without costs or disbursements, and motion granted on condition that defendant's attorney personally pay plaintiff $500 within 20 days after service upon defendant of a copy of the order to be made hereon, with notice of entry. The amended answer shall be served within 20 days after such payment. In the event payment is not made, then order affirmed, with $50 costs and disbursements. Defendant seeks leave to amend its answer to include an affirmative defense of collateral estoppel based on an arbitration award dated November 22, 1977, and confirmed by a court order dated January 31, 1978. Defendant's motion for leave to amend, made on June 27, 1980, comes 2½ years after the arbitration award was confirmed. While leave to amend under CPLR 3025 (subd [b]) is liberally granted, the court will deny relief when unjustified delay and consequent prejudice to the opposition is involved. *(James-Smith v Rottenberg,* 32 AD2d 792.) We note that if the affirmative defense of collateral estoppel should ultimately prove successful, plaintiff will have unnecessarily expended time and expense in preparing for trial, much of which could have been prevented by a more expeditious and timely amendment by defendant. This however, is curable through the imposition of costs. (See *Ciunci v Wella Corp.,* 23 AD2d 754.) Plaintiff's other allegations of prejudice are without merit. Special Term erred in summarily rejecting the collateral estoppel defense on the merits. On a motion for leave to amend the court should not pass upon the merits of the proposed amendment unless it is clearly and patently insufficient. *(Petrozzi v Passamonte,* 32 AD2d 716.) In the instant case, Special Term noted two interpretations of the arbitration decision; one, that defendant was not involved in plaintiff's accident; the other, that defendant was involved but the causation was too remote to bring the plaintiff within the terms of subdivision 10 of section 671 of the Insurance Law, referring to use or operation of a vehicle. Special Term's determination of the merits solely on the wording of the decision was improper. Lazer, J.P., Cohalan, Margett and O'Connor, JJ., concur.