■ MARY J. SHANAHAN, Appellant, v BRIAN A. SHANAHAN, Respondent. — In an action to recover damages for breach of a separation agreement and for support and necessaries, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (McGinity, J.), dated August 10, 1981, as upon defendant's motion, required her to accept service of defendant's amended answer. The appeal brings up for review so much of an order of the same court, dated October 23, 1981, as upon granting plaintiff's motion for reargument, adhered to the original determination. Appeal from order dated August 10, 1981 dismissed. That order was superseded by the order dated October 23, 1981 made upon reargument. Order dated October 23, 1981 reversed insofar as reviewed, order dated August 10, 1981 vacated, and defendant's motion denied in its entirety. Plaintiff is awarded one bill of costs. Plaintiff commenced the instant action by service of a summons with notice on April 29, 1978. Issue was joined on July 19, 1978 by service of defendant's

answer, which contained only general denials. By notice of motion dated June 22, 1981, defendant moved pursuant to CPLR 3211 (subd [a], pars 5, 7) to dismiss the complaint on the grounds that the claims contained therein were barred by the Statute of Limitations and that those claims failed to state causes of action. In the alternative, defendant requested an order requiring plaintiff to accept service of his amended verified answer which set forth 11 specific defenses and two counterclaims. Defendant's counsel alleged that plaintiff's attorney had agreed with him, on more than one occasion, to accept service of an amended answer. However, that agreement was not reduced to a written stipulation. Defendant's counsel asserted that in an affirmation submitted in connection with a previous motion plaintiff's counsel had allegedly stated that he would be agreeable to accepting defendant's amended answer if the latter would accept service of an amended complaint. Although the amended complaint was ultimately accepted after an initial rejection by defendant, the amended answer proffered by defendant was twice rejected by plaintiff. Defendant therefore asserted that plaintiff was bound to accept his amended answer by reason of her attorney's agreement to that effect. It bears noting that this matter was first placed on the Trial Calendar by the filing of a note of issue on January 13, 1981. Thereafter however, defendant's attorney undertook a series of dilatory measures which effectively prevented the matter from reaching trial. Defendant's motion to strike the case from the Trial Calendar on the ground that he had not had an opportunity to conduct an examination before trial of plaintiff was denied by order dated April 10, 1981. By order dated April 22, 1981, defendant's motion to compel plaintiff to furnish a bill of particulars was denied. The action appeared on the Trial Calendar for April 3, 1981. Although plaintiff appeared ready for trial, defendant's attorney requested additional time to prepare. Defense counsel's request was granted and the case was set down for trial on June 8, 1981. By affirmation dated June 5, 1981, defendant's counsel indicated that he would be engaged through June 30, 1981 as chairman of an arbitration panel appointed by the commissioner of arbitration, that thereafter he would require one week to "rehabilitate [his] office case load", and that consequently, he would be unavailable for trial of this matter until July 7, 1981. The trial was again adjourned, with the court to notify the parties of a new trial date. Although defendant's attorney was allegedly preoccupied with the arbitration hearings, he moved, by notice of motion dated June 22, 1981, for an order dismissing the complaint pursuant to CPLR 3211 (subd [a], pars 5, 7), or, in the alternative, compelling plaintiff to accept service of defendant's amended answer. By the order appealed from dated August 10, 1981, the court denied the branch of defendant's motion which sought dismissal of the complaint but, in view of the policy of liberally allowing amendments to pleadings absent real prejudice or surprise, granted the alternative request for relief to compel plaintiff to accept service of defendant's amended answer. Thereafter, plaintiff moved to reargue and although reargument was granted, the court adhered to its original determination. In view of defendant's excessive delay in seeking to amend his answer and the fact that the trial date was twice adjourned at defense counsel's specific request, we conclude that defendant should not have been afforded leave to amend his answer in this action. Plaintiff spent some three years preparing for trial on the basis of an answer containing only general denials. Defendant now seeks to amend his original answer by the addition of 11 affirmative defenses, including the Statute of Limitations, waiver, and payment, as well as two counterclaims. It is clear that the facts and circumstances concerning all of these defenses and counterclaims were or should have been known to defendant at the time the original answer was served (see *Birdsall v*

*City of New York,* 60 AD2d 522). Allowing the requested amendment might involve the preparation of additional pleadings, such as an amended complaint and replies, and would involve further pretrial discovery and motions. While leave to amend a pleading under CPLR 3025 (subd [b]) is liberally granted, courts will deny relief when unjustified delay and consequent prejudice to the opposition is involved (*James-Smith v Rottenberg,* 32 AD2d 792). Leave to amend pursuant to CPLR 3025 (subd [b]) lies in the discretion of the court and may be denied on those grounds which can invoke discretion negatively, such as laches or undue advantage (Siegel, New York Practice, § 237, p 288). The end result, should the proposed defenses and counterclaims prove successful, could be that plaintiff "will have unnecessarily expended time and expense in preparing for trial, much of which could have been prevented by a more expeditious and timely amendment by defendant" (*Campbell v La Forgia Oil Co.,* 81 AD2d 824). It is well settled, however, that such a situation may be remedied through the imposition of costs (*Campbell v La Forgia Oil Co., supra; Ciunci v Wella Corp.,* 23 AD2d 754). "Judicial discretion in allowing amendments to pleadings should be exercised discreetly and with caution where a case has long been certified as ready for trial" (*City of Watertown v Roy,* 73 AD2d 832, 833). Thus, while the mere omission to plead a defense in one's original answer does not constitute prejudice per se, the time span of nearly three years between the service of defendant's answer and amended answer, coupled with the various dilatory tactics he has employed on the eve of trial, do constitute sufficient prejudice to plaintiff to warrant a denial of leave to serve the amended answer. Such prejudice is not curable by the mere imposition of costs. "Where * * * much time has passed, and P has gone to the trouble of preparing his case based upon an answer containing only denials, and the case is now at the top of the calendar awaiting trial, P can show prejudice if D now tries to amend to add defenses. Such a case was *James-Smith v Rottenberg,* 32 AD2d 792, 302 NYS2d 355 (2d Dept 1969), and the court held that the grant of such a motion would be an improvident exercise of discretion, especially since D had at all times the data underlying the defenses (fraud and illegality) he so belatedly tried to introduce" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:6, p 478). As respects defendant's argument that plaintiff is bound to accept the amended answer by reason of an oral agreement to that effect between the attorneys for the parties, it is clear that stipulations between parties or their attorneys relating to any matter in an action, other than those made between counsel in open court, are not binding unless in writing (CPLR 2104). Accordingly, defendant's motion is denied in its entirety. In view of defendant's failure to file a respondent's brief until the day after the appeal was marked submitted on this court's calendar, nearly four months beyond the date on which it should have been served and filed, we have not considered such brief on this appeal. Lazer, J. P., Weinstein, Bracken and Rubin, JJ., concur.