JEROME STEVENS PHARMACEUTICALS, INC., et al., Respondents, v SEYMOUR BUDOFF, Appellant, et al., Defendants.—In an action, inter alia, for an injunction and to recover damages for the alleged breach of a covenant not to compete, defendant Seymour Budoff appeals from an order of the Supreme Court, Suffolk County (Orgera, J.), dated March 29, 1985, which denied his motion for leave to amend his answer to assert the affirmative defense of release.

Order reversed, without costs or disbursements, and motion granted, on condition that within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry, appellant personally pay the sum of $1,000 to the plaintiffs and serve a copy of his amended answer. In the event the condition is not complied with, then order affirmed, with costs.

Appellant seeks leave to amend his answer to include the affirmative defense of release. He alleges that plaintiffs executed the release on July 31, 1981. This action was commenced on August 13, 1982. If appellant's defense of release ultimately proves successful, plaintiffs will have unnecessarily expended time and expense preparing for trial, much of which could have been prevented by a more expeditious and timely amendment by appellant. This kind of prejudice is curable through the imposition of costs (Campbell v La Forgia Oil Co., 81 AD2d 824; Ciunci v Wella Corp., 23 AD2d 754). Brown, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.