**STERLING NATIONAL BANK**, Respondent, v **AMERICAN ELITE PROPERTIES INC.**, Doing Business as **AMERICAN ELITE PROPERTIES**, et al., Appellants, et al., Defendants. [937 NYS2d 221]

Supreme Court providently exercised its discretion in denying that portion of the cross motion seeking leave to serve an amended answer, as the proposed amendment to add the affirmative defense of release lacked merit. The release upon which the amended pleading was premised did not pertain to the equipment at issue (*see* CPLR 3025 [b]; *360 W. 11th LLC v ACG Credit Co. II, LLC*, 90 AD3d 552 [1st Dept 2011]; *Nab-Tern Constructors v City of New* York, 123 AD2d 571, 572-573 [1986]; *compare Anoun v City of New York*, 85 AD3d 694, 695 [2011]).

The general release explicitly references lease schedule number 728-177-101 and only applies to claims preceding the release. The equipment at issue in this action is the equipment pertaining to lease schedule number 728-177-105, which is entirely distinct. Moreover, the lease schedule at issue here was not executed until a year after the general release was executed. Accordingly, the release cannot, by its own terms, apply to the equipment at issue.

We have considered appellants' remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.