Beharrie v MRAG Dev., LLC (2022 NY Slip Op 06683)

Beharrie v MRAG Dev., LLC

2022 NY Slip Op 06683

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-01689
 (Index No. 517719/18)

[*1]Xenia Beharrie, etc., respondent,
v
MRAG Development, LLC, appellant.

Steve C. Okenwa, P.C., Brooklyn, NY, for appellant.
Law Offices of Jason Rebhun, P.C., New York, NY (John A. Borelli of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to set aside a deed conveying certain real property, the defendant appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated February 16, 2021. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 3025(b) for leave to amend its answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2018, the plaintiff commenced this action, inter alia, to set aside a deed conveying certain real property to the defendant. In November 2018, the defendant interposed an answer which did not assert the affirmative defense of lack of standing. In May 2020, the defendant moved pursuant to CPLR 3025(b) for leave to amend its answer to assert the affirmative defense of lack of standing. By order dated February 16, 2021, the Supreme Court, among other things, denied the defendant's motion. The defendant appeals.
Preliminarily, the plaintiff's contention that leave to amend was properly denied because the defendant waived the defense of lack of standing by failing to assert that defense in its answer or in a pre-answer motion to dismiss the complaint is without merit. In this regard, "the waiver that results from a failure to affirmatively plead a defense in accordance with CPLR 3018(b), including a waiver of the defense of standing, may be retracted through subsequent amendment to the pleadings" (GMAC Mtge., LLC v Coombs, 191 AD3d 37, 47; see U.S. Bank N.A. v Laino, 172 AD3d 947, 947).
Although leave to amend should be freely given, a court should nonetheless consider whether the proposed amendment prejudices or surprises the opposing party, or if it is palpably insufficient or patently devoid of merit (see Derago v Ko, 189 AD3d 1352, 1354; Strunk v Paterson, 145 AD3d 700, 701). While "[n]o evidentiary showing of merit is required under CPLR 3025(b)," the court must still determine "whether the proposed amendment is 'palpably insufficient' to state a cause of action or defense, or is patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 229; see Urias v Daniel P. Buttafuoco & Assoc., PLLC, 173 AD3d 1244, 1245). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (Krigsman v Cyngiel, 130 AD3d 786, 786 [internal quotation [*2]marks omitted]; see McIntosh v Ronit Realty, LLC, 181 AD3d 579, 579-580). Here, the Supreme Court providently exercised its discretion in denying the defendant's motion for leave to amend its answer. The defendant's proposed amendment to assert the affirmative defense of lack of standing was patently devoid of merit (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-773; Caprer v Nussbaum, 36 AD3d 176, 182).
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court