1163 Manor Realty LLC v La Catrina Mexican Rest. Corp. (2024 NY Slip Op 50428(U))

[*1]

1163 Manor Realty LLC v La Catrina Mexican Rest. Corp.

2024 NY Slip Op 50428(U)

Decided on April 11, 2024

Civil Court Of The City Of New York, Bronx County

Lugo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 11, 2024
Civil Court of the City of New York, Bronx County

1163 Manor Realty LLC, Petitioner(s),

against
La Catrina Mexican Restaurant Corp., "JOHN DOE," "JANE DOE," AND "ABC CORP.,"Respondent(s).

Index No. LT-346548-23/BX

Law Offices of Jonathan E. Neuman, Esq., by Jonathan E. Neuman, Esq., for Petitioner 
Law Offices of Masood Syed, P.C., by Masood Syed, Esq., for Respondents

Betty Lugo, J.

Recitation of the papers considered in reviewing the underlying motion as required by
CPLR § 2219(a)
Papers Numbered
Respondent's Notice of Motion, Affirmation, Affidavits, and Exhibits in Support 1
Petitioner's Affirmation in Opposition, and Exhibits in Support 2
Respondent's Reply 3
Respondent Tenant La Catrina Mexican Restaurant Corp., (La Catrina) moves for an Order pursuant to CPLR § 3025(b) granting leave to interpose an amended answer, adding a defense of legal impossibility, and thereafter deeming the proposed amended answer as served and filed. In opposition Petitioner Landlord 1163 Manor Realty LLC (1163 Manor) contends that the petitioner would be prejudiced should the Respondents motion be granted at this late hour. The motion was orally argued on April 5, 2024, both Petitioner and Respondent appeared with counsel. Oral argument was held on the digital record by FTR in courtroom 529A.
Motion to Amend
CPLR § 3025 (b) provides:
"Amendments and supplemental pleadings by leave. A party may amend his or her pleading or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court of by stipulations of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and [*2]continuances. Any motion to amend or supplement pleadings shall be accompanies by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading."
It has been well established that leave to amend a pleading shall be freely given, absent prejudice or surprise. CPLR § 305 (c). "[T]he court, at any stage of the action, may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just." Medina v City of New York, 167 AD2d 268, 269 (1st Dept 1990); CPLR § 2001. The trial court must "consider whether the proposed amendment prejudices or surprises the opposing party, or if it is palpably insufficient or patently devoid of merit." Beharrie v MRAG Development, LLC, 210 AD3d 945, 945 (2d Dept 2022); see Sterling Nat. Bank v American Elite Properties, Inc., 91 AD3d 581 (1st Dept 2012). However, "[n]o evidentiary showing of merit is required under CPLR 3025(b)." Beharrie, 210 AD3d 945, 945. Lateness alone is not sufficient to deny leave to amend the answer. Seda v New York City Hous. Auth., 181 AD2d 469 (1st Dept 1992) (although the respondent waited three years to amend the answer in the absence of demonstrable prejudice leave to amend the answer should have been granted).
The court has "the discretionary power to extend the time to plead, or to compel acceptance of an untimely pleading 'upon such terms as may be just,' provided that there is a showing of a reasonable excuse for the delay" pursuant to CPLR 3012 (d) (Emigrant Bank v. Rosabianca, 156 AD3d 468, 472, 67 N.Y.S.3d 175 [1st Dept. 2017]). When considering whether to grant a defaulting party relief pursuant to CPLR 3012 (d), a court will consider "the length of the delay, the excuse offered, the extent to which the delay was willful, the possibility of prejudice to adverse parties, and the potential merits of any defense" (id.). (See Gur Associates LLC v. Convenience on Eight Corporation, et. al. 2023 WL 9066020 Civil Court, New York County December 21, 2023.
Here, Respondent owner, Araceli Ramirez and Marco Hernandez are Spanish speaking and non-English speaking business owners who appeared in court on December 12, 2023 when they were not represented by counsel and required the assistance of a Spanish Court Interpreter in Court. The Court issued an Order permitting respondents to file an Answer on or before January 16, 2024. (Judge Lugo Order dated December 12, 2023). Respondents retained counsel after the first court appearance, and a Verified Answer with Counterclaims was filed on January 16, 2024, by Respondent's counsel. Respondents filed its motion for leave to serve an Amended Answer on February 20, 2024, and attached a Proposed Answer asserting an affirmative defense of Legal Impossibility dated January 15, 2024. Petitioner filed its Reply to Counterclaims on February 1, 2024. In its Proposed Amended Answer, (Syed affirmation, ex. A), Respondent asserts Affirmative Defense of Legal Impossibility, stating in pertinent part: 
AS AND FOR A FIFTH AFFIRMATIVE DEFENSE — LEGAL IMPOSSIBILITY
"Plaintiff's request in the 10 Day Notice to Cure citing article 15.08 of the lease is a legal impossibility in the State of New York."
Here, this matter is in the early stages of litigation. No trial date has been set. In fact, petitioner recently substituted counsel on March 1, 2024. Respondents maintain that it will suffer substantial prejudice if it is not allowed to amend its answer and there will be no prejudice to Petitioner. Respondents affirm that its proposed additional defense of Legal Impossibility is asserted due to recently learning that the rent insurance required by landlord was allegedly impossible to obtain after speaking with various insurance brokers. Respondent's counsel affirms [*3]that prior to bringing the instant motion he had previously advised Petitioner's counsel of the legal impossibility of rent insurance and received no response from Petitioner's counsel regarding the matter. (Syed affirmation, ¶19). Albeit, it is uncertain whether respondent's counsel contacted current counsel or prior counsel for petitioner. Notably the predecessor Landlord did not assert its right as to the "rent insurance" of the lease as per respondents.
Respondent contends that the breach of the lease Petitioner is alleging in its notice to cure, "failure to obtain the required rent insurance pursuant to the lease," is legally impossible as such insurance is unobtainable. (Syed affirmation, ¶19). In opposition, Petitioner alleges that it would suffer substantial prejudice should the motion be granted because Petitioner will be unable to obtain a proper rebuttal expert and obtain pretrial discovery. Petitioner also opposes alleging that it lost all its insurance coverage due to Respondents alleged non-compliance in violation of their lease. (Neuman affirmation, ¶¶ 14-17) and submits an insurance broker affidavit of Avrohom Steinfeld stating that respondent has not allowed access to the leased premises to obtain a hood inspection. However, Petitioner stated in Court, that it remains insured until the end of the month of April, 2024 and the Court Ordered that access to the premises for the hood inspection be completed prior to the adjourned date for final pretrial conference on April 17, 2024. (See Judge Lugo Order dated April. 4, 2024) (FTR Courtroom 529A).
Notably, Respondent Araceli Ramirez signed the lease with Petitioner's predecessor in interest, Manor & Major Realty Corp. Petitioner was not a party to the lease which is the subject of this proceeding. An Assignment of leases and rents to petitioner was signed on February 28, 2023. Respondent has paid rent to the petitioner. The Parties have stipulated that the petitioner is the Landlord and the general liability insurance policy has been provided to petitioner. (Court Stipulation dated April 5, 2024). Respondents maintain that its predecessor Landlord never requested rent insurance.
Noteworthy is that the defense which respondents seek to add is a non-jurisdictional defense. Hence, there is no issue of waiver. See Ficorp, Ltd. v. Gourian, 263 AD2d 392, 393, 693 N.Y.S.2d 37 (1999), lv. denied in part and dismissed in part, 94 NY2d 889, 706 N.Y.S.2d 76, 727 N.E.2d 574 (2000), authorized the amendment of an answer to add a non-jurisdictional defense which would otherwise be deemed waived pursuant to CPLR §3211(e).
This case is distinguishable from Oil Heat Inst. v. RMTS Assocs., LLC, 4 AD3d 290, 772 N.Y.S.2d 313 (App. Div. 1st Dept. 2004). In Oil Heat, the court denied the plaintiffs' motion to serve an amended complaint because the plaintiff was on notice regarding the facts underlying the claims to be included well before any depositions and about two years prior to the motion having been made. Also see Birdsall v. City of New York, 60 AD2d 522, 399 N.Y.S.2d 686 (leave to amend properly denied where factual basis of proposed pleading was known at the outset, two years before motion was made).
"CPLR 3018, which governs responsive pleadings, draws a distinction between denials and affirmative defenses" (US Bank N.A. v. Nelson, 169 AD3d 110, 113, 93 N.Y.S.3d 138). "Denials generally relate to allegations setting forth the essential elements that must be proved in order to sustain the particular cause of action" and "[t]hus, a mere denial of one or more elements of the cause of action will suffice to place them in issue" (id. at 113, 93 N.Y.S.3d 138). Conversely, a defendant must plead, as an affirmative defense, "all matters which if not pleaded would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleadings" (CPLR 3018[b]; see U.S. Bank N.A. v. Nelson, 169 [*4]AD3d at 113, 93 N.Y.S.3d 138). Accordingly, where a defendant seeks to inject into the litigation "matters [that] are not the plaintiff's burden to prove as part of the cause of action," those matters must be affirmatively pleaded as defenses (Siegel & Connors, NY Prac § 223 [6th ed July 2020 Update]; see CPLR 3014; US Bank N.A. v. Nelson, 169 AD3d at 113, 93 N.Y.S.3d 138; see also 5 Weinstein—Korn—Miller, NY Civ Prac: CPLR ¶ 3018.02).
Here Respondents properly pleaded an affirmative defense of Legal Impossibility in its Proposed Amended Answer, within one (1) month of serving its Answer, notice was given to the petitioner, the successor landlord and demonstrated a reasonable excuse for the amendment. Notably Respondents maintain that its predecessor Landlord never requested rent insurance. Accordingly it is hereby,
ORDERED, that the Respondent's motion pursuant to CPLR § 3025(b) is Granted to the extent that within twenty (20) days after the date of this Order, the moving respondent may serve an Amended Answer in the form of the Proposed Amended Answer and file with the Court; and upon compliance with this Order, such Amended Answer will be deemed filed nunc pro tunc; and it is further
ORDERED, that Respondent shall serve a copy of this Order with notice of its entry on all parties within twenty (20) days and file proof of service with the Court; and it is further
ORDERED, all parties will appear on April 17, 2024 for a Final Conference in Part 52, Courtroom 529A.
This constitutes the Decision and Order of the Court.
Dated: April 11, 2024
Bronx, New York
Judge Betty Lugo
Judge of the Civil Court