United Wholesale Mtge., LLC v Kings County Clerk's Off. (2026 NY Slip Op 50053(U))

[*1]

United Wholesale Mtge., LLC v Kings County Clerk's Off.

2026 NY Slip Op 50053(U)

Decided on January 16, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 16, 2026
Supreme Court, Kings County

United Wholesale Mortgage, LLC, Plaintiff,

againstKings County Clerk's Office; ELIEZER LOW; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as nominee for 
 CAKE MORTGAGE CORP., Defendants.

Index No. 533069/2025

McCalla Raymer Leibert Pierce LLP, New York City (Djibril Carr of counsel) for plaintiff.Michael J. Siudzinski, Asst. Deputy Counsel, NYS Unified Court System, New York City, for defendant King's County Clerk's Office.

Aaron D. Maslow, J.

The following papers efiled on NYSCEF were used on this motion: 12-27.
Upon the foregoing papers, having heard oral argument [FN1]
, and due deliberation having been had, the within motion seeking a default judgment is determined as follows.
BackgroundPlaintiff commenced this action seeking vacatur of a satisfaction of mortgage allegedly filed in error. As background, Plaintiff alleged that it is the prior servicer and lender for a mortgage entered into on or about February 24, 2024, between Eliezer Low ("Mortgagors") and Mortgage Electronic Registration Systems, Inc. as nominee for United Wholesale Mortgage, LLC, in the amount of $1,399,300.00 (the "First Mortgage"). The First Mortgage was recorded in the Office of the City Register of the City of New York on March 1, 2024, at CFRN 2024000053421. The First Mortgage secured real property located at 1458 55th Street, Brooklyn, NY 11219, and designated as Block 5685, Lots 28 & 128 in the Borough of Brooklyn, County of Kings and State of New York (the "Premises").
Thereafter on May 19, 2025, Mortgagors entered into a mortgage with Mortgage Electronic Registration Systems, Inc. as nominee for Cake Mortgage Corp ("Cake"), in the amount of $614,778.51 (the "Gap Mortgage"). The Gap Mortgage was recorded in the Office of the City Register of the City of New York on June 13, 2025, at CFRN 2025000159498. On that same date, May 19, 2025, Mortgagors entered into a Consolidation, Extension and Modification Agreement with Mortgage Electronic Registration Systems, Inc. as nominee for Cake Mortgage Corp., which purpose was to consolidate the First Mortgage and the Gap Mortgage and create a single lien on the Property in the amount of $1,999,000.00 (the "CEMA"). The CEMA has not been recorded.
The intention of the parties was to have the First Mortgage assigned to Cake, to have the CEMA recorded and for the First Mortgage to remain open of record until the CEMA was paid in full. Nevertheless, on or about June 10, 2025, through inadvertence and/or error, Mortgage Electronic Registration Systems, Inc. as nominee for United Wholesale Mortgage, LLC, its successors and assigns, executed a Satisfaction of Mortgage (the "Satisfaction") as to the First Mortgage and recorded same with the Office of the City Register of the City of New York on June 12, 2025 at CFRN 2025000158780.
As a result of the Satisfaction, an assignment cannot be recorded for the First Mortgage as intended, and the CEMA cannot be recorded. Plaintiff's interests allegedly have been adversely impacted by the recording of the Satisfaction as it is unable to finalize this transaction. Plaintiff brings this action in equity, claiming that it has no adequate remedy at law. Mortgagors are joined as defendants herein, for notice, because they are the current owners of the Property and mortgagors under the First Mortgage, Gap Mortgage and CEMA.
Defendant Kings County Clerk's Office, was joined as a defendant, asserted Plaintiff, [*2]because the latter sought a determination that would vacate and/or amend the Kings County property records. Defendant Cake was joined as a defendant for notice, because they are the holder of the Gap Mortgage and CEMA which are affected by the erroneously-filed Satisfaction.
Plaintiff claims that it served the Defendants and none appeared. Therefore, it sought a default judgment as follows:
(1) Vacating the Satisfaction of Mortgage dated June 10, 2025, and recorded in the Office of the City Register of the City of New York on June 12, 2025 at CFRN 2025000158780;(2) Declaring the Mortgage dated February 29, 2024, and recorded in the Office of the City Register of the City of New York on March 1, 2024, at CFRN 2024000053421 to be in full force and effect; and(3) Granting Plaintiff such other and further relief as is just and proper.

 Service of Papers
Movant claimed that the affidavits of service confirmed that all Defendants were served with the summons and complaint. However, in preparing for oral argument on this motion, the Court noticed that Plaintiff's process server claimed service on Defendant Kings County Clerk's Office by serving James Blain on October 10, 2025, at 3:38 p.m., at the County Clerk's office. Being aware that Mr. Blain retired before that date, the Court issued an interim order directing the process server, John Downs Jr., to testify.
On January 16, 2026, besides presiding over oral argument, the Court took testimony of two witnesses: John Downs Jr., Plaintiff's process server, and Craig Schatzman, Deputy County Clerk.
Mr. Downs testified that on October 10, 2025, he went to 360 Jay Street, in Brooklyn, which is the address of the Civil Term of State Supreme Court and the County Clerk. He took a photograph of the floor he was on. It depicts a hallway, and down the hallway there was a set of open doors above which appear the words "County Clerk." Mr. Downs maintained that he went inside and served a person on the right side of the office who identified himself as James Blain. "Mr. Blain" was described in the affidavit of service as white, having brown hair, being approximately 52, 5'8"-5'11" tall, and weighing 200-224 lbs. Mr. Downs' photograph was admitted into evidence as Exhibit 1. Admitted into evidence as Exhibit 2 was Mr. Downs' note-taking sheet from October 10, 2025, containing entries for serving "Blain, James," a "court Assistant," and his physical description. "Brown Brick" is also written.
Craig Schatzman, Deputy County Clerk, testified that he was not served with the summons and complaint on October 10, 2025. He asked those present in the office that day whether they were served and nobody said they were. He added that James Blain retired in 2023 from the Kings County Clerk's office. Mr. Blain did not return, for instance to help out. Mr. Blain had worked for decades and was well known for his career there.
The Court notes that Mr. Blain's retirement in 2023 was discussed in a July 24, 2023 article in the Brooklyn Daily Eagle in an article entitled "Brooklyn celebrates James Blain's remarkable 33-year journey in the court system." The Court acknowledges that when in private practice, it would deal with Mr. Blain, who was always courteous and generous with his explanations of filing procedures.
Counsel for Defendant Kings County Clerk's Office argued that his client was improperly sued. It is the City Register's office which records mortgages — not the County Clerk's office.
Counsel for Plaintiff sought leave from the Court to add the City Register's office as a Defendant.
Nobody has raised any issues with service of the summons and complaint on the other Defendants: Eliezer Low and Mortgage Electronic Registration Systems, Inc.

 Discussion
The Court finds that Defendant Kings County Clerk's office was not properly served with the summons and complaint in this action. The Court credits Craig Schatzman's testimony that James Blain was not served with process on October 10, 2025. Plaintiff has failed to meet its burden of proof that Defendant Kings County Clerk's office was served, despite the presumption of validity that a process server's affidavit of service carries (see Holtzer v Stepper, 268 AD2d 372 [1st Dept 2000]). There is a lack of personal jurisdiction over that Defendant (see Khodeeva v Chi Chung Yip, 84 AD3d 1030 [2d Dept 2011]).
In any event, there was no basis in law for naming the Kings County Clerk's Office as a defendant in this action since the satisfaction of mortgage which Plaintiff seeks to have vacated was not filed with the former. The recording cover page indicates that the mortgage was recorded at the New York City Department of Finance Office of the City Register. Indeed, it is the New York City Register's office where conveyances of real property are recorded (see Real Property Law §§ 290 [4], 291; Administrative Code of City of NY title 7, ch 6). This includes mortgages (id. § 290 [3]; Kearny Bank v Beaux Equities, LLC, 237 AD3d 1181 [2d Dept 2025]). If a satisfaction of mortgage is to be vacated, then the New York City Department of Finance Office of the City Register is a necessary party because without it being a party, Plaintiff cannot obtain the relief it seeks (see CPLR 1001 [a]). "When a person who should be joined under subdivision(a) has not been made a party and is subject to the jurisdiction of the court, the court shall order him summoned" (id. 1001 [b]).
This action could be dismissed (see CPLR 1003). However, the efficiency of the judicial process in determining the within claim of Plaintiff would be enhanced by enabling the current action to continue. Defendants Eliezer Low and Mortgage Electronic Registration Systems, Inc. have not appeared in the action and, hence, lack a foundation to object to the relief Plaintiff sought at the end of oral argument — leave to add the City Register as a party — if they even wanted to object.
Therefore, the Court views the best way forward as mandating Plaintiff to file a supplemental summons and amended complaint in which the Kings County Clerk's Office is omitted as a defendant and the New York City Department of Finance Office of the City Register is added (see CPLR 305 [a], 3025 [b]). With regard to amending a pleading, CPLR 3025 (b) provides that "Leave shall be freely given upon such terms as may be just including the granting of costs and continuances." There was no basis in law for naming the Kings County Clerk's Office as a defendant and inconveniencing it. Plaintiff's own exhibits evidence that the mortgage documents were recorded with the City Register's office. The Court finds that the payment by Plaintiff of costs in the amount of $500 payable to the Kings County Clerk's Office is warranted (see New Is. Invs. v Insurance Co. of N. Am., 61 AD2d 1026 [2d Dept 1978]; Robertson v United Equities, Inc., 20 Misc 3d 1112[A], 2008 NY Slip Op 51327[U] [Sup Ct, Kings County 2008]).

Conclusion
It is hereby ORDERED as follows:
(a) Plaintiff's motion for a default judgment is DENIED.
(b) The complaint is dismissed insofar as Defendant Kings County Clerk's Office is concerned.
(c) No later than January 30, 2026, Plaintiff shall file a supplemental summons and amended complaint deleting Defendant Kings County Clerk's Office and substituting in place thereof the New York City Department of Finance Office of the City Register.
(d) Plaintiff shall thereafter serve said supplemental summons and complaint in accordance with the CPLR provisions for service of process, along with a copy of this decision and order, no later than February 20, 2026.
(e) Plaintiff shall pay $500 as costs to the Kings County Clerk's Office.

Footnotes

Footnote 1:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).