■ SAVE WAY OIL COMPANY, INC., Respondent, v GEORGE

MEHLMAN et al., Defendants, and JAMAICA SAVINGS BANK, Appellant.—In an action to recover damages for goods had and received, defendant Jamaica Savings Bank appeals from an order of the Supreme Court, Kings County (Pizzuto, J.), dated May 3, 1984, which denied its motion for summary judgment dismissing plaintiff's third through eighth causes of action and, upon searching the record, granted summary judgment to the plaintiff, striking its answer and directing an assessment of damages as against it.

Order modified by deleting the second and third decretal paragraphs thereof, and reinstating the appellant's answer. As so modified, order affirmed, without costs or disbursements.

Our review of the record indicates that there are material issues of fact with respect to whether appellant Jamaica Savings Bank, as a mortgagee, may be held liable for the costs of fuel oil delivered by plaintiff to certain premises upon which it held a mortgage.

A secured creditor who merely exercises the authority to veto its debtor's transactions in excess of a specified amount does not thereby become a principal (see, Restatement [Second] of Agency § 14 O comment a). However, when a creditor assumes de facto control over the business affairs of its debtor, either in person or through an agent, it becomes a principal, whatever the terms of the formal contract with the debtor may be (Restatement [Second] of Agency §§ 5, 14 O comment a). In the instant case, the agreement between defendant Mehlman and appellant and the agreement between defendant Mehlman Management Corp. and appellant raise an issue of fact as to whether appellant acquired sufficient control over the management of the premises to warrant holding it liable as a principal on contracts entered into by defendant Mehlman Management Corp., the managing agent of the premises.

The record indicates that appellant authorized the opening of a bank account entitled "Jamaica Savings Bank—Mehlman Management Corp. Agency Account" and that the checks drawn on that account bore the name of the appellant and the management corporation upon their face. Certain of plaintiff's bills for fuel oil were paid with such a check. Under these circumstances, a question of fact is raised as to whether appellant's conduct created the appearance of apparent authority in defendant Mehlman Management Corp. to incur expenditures for fuel oil on behalf of appellant (cf. Hallock v State of New York, 64 NY2d 224, 231; Lowenstein v Lombard, Ayres & Co., 164 NY 324, 332).

A trial is therefore necessary to resolve the factual issues concerning appellant's liability. While Special Term properly denied appellant's motion for summary judgment, upon searching the record it should not have granted summary judgment to the plaintiff. O'Connor, J. P., Rubin, Lawrence and Eiber, JJ., concur.