■ Buffalo Structural Steel Corporation, Respondent, v Elsand Steel, Inc., et al., Defendants, and Louis Picciano Sr. Corporation et al., Appellants.—Mahoney, P. J. Appeal from an order of the County Court of Broome County (Monserrate, J.), entered December 16, 1988, which, *inter alia,* granted plaintiff's motion for summary judgment.

Plaintiff is a steel fabricator and supplier which sold its products to defendant Elsand Steel, Inc. (hereinafter Elsand), which eventually became delinquent in paying its bills not only to plaintiff but to Endicott Trust Company (hereinafter Endicott) and defendants Louis Picciano Sr. Corporation and Louis Picciano, Jr. (hereinafter collectively referred to as defendants). To ameliorate Elsand's distressed financial situation, plaintiff, *inter alia,* purchased various debt and security held by Endicott and loaned Elsand $200,000 as evidenced by two notes payable on demand and secured by a mortgage on real property in the City of Binghamton, Broome County. Elsand was able to maintain minimal debt payments and business activity for some 13 months. In August 1987, plaintiff demanded payment of its two demand notes and the next month Elsand ceased operating its Binghamton plant located on the property subject to the mortgage.

When no payments on the demand notes were made, plaintiff commenced this action to foreclose the mortgage. Elsand served an appearance and waiver. Defendants, however, answered and asserted various affirmative defenses, counterclaims and cross claims. Plaintiff then moved for summary judgment. Defendants opposed the motion claiming that Picciano, Jr. had a prior secured interest in the property subject to foreclosure and that there were questions of fact concerning the extent of plaintiff's control over Elsand so that summary judgment was inappropriate. County Court granted plaintiff's motion, finding that the only evidence presented supported plaintiff's interest in the subject real property and that there was insufficient evidence that plaintiff undertook control of Elsand. From the order granting summary judgment to plaintiff, defendants appeal.

Our review of the record convinces us that County Court properly granted summary judgment to plaintiff. Contrary to defendants' assertions, the proof submitted on the motion reveals that the financial transactions were undertaken in good faith and for valuable consideration. There is nothing in the record, beyond surmise, conjecture and unsupported conclusory allegations, to support defendants' claims that plaintiff acted fraudulently or in bad faith so as to set aside the transactions. We note that defendants failed to pursue discovery for some nine months after the summons and complaint were served so that they failed to ascertain relevant facts in a timely fashion. Thus, defendants cannot claim that plaintiff has exclusive knowledge (see, Twining, Nemia & Hill v Read Mem. Hosp., 89 AD2d 432, 434). Similarly, there is no documentary evidence in the record to support defendants' conclusory assertion that there is a prior security interest in the property subject to foreclosure. The only security agreement in the record is one between Endicott and Elsand.

Likewise, there is no merit to defendants' contention that plaintiff assumed control over Elsand so as to become liable for the latter's debts. The affidavits by Elsand's president are not, contrary to defendants' position, contradictory. They sufficiently set forth that Elsand retained control over its day-to-day operations but that plaintiff had authority to approve contracts and projects. Under such circumstances, plaintiff did not assume de facto control over Elsand's business operations and, therefore, cannot be cast into liability for Elsand's debts (cf., Save Way Oil Co. v Mehlman, 115 AD2d 721, 722).

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.